503 A.2d 431

**COMMONWEALTH of Pennsylvania**

v.

**Robert COFONI, Appellant.**

Superior Court of Pennsylvania.

Argued March 12, 1985.

Filed Jan. 10, 1986.

408

Francis M. Walsh, Assistant Public Defender, Norristown, for appellant.

J. William Ditter, III, Assistant District Attorney, Norristown, for Com., appellee.

Before McEWEN, CERCONE and TROMMER *, JJ.

CERCONE, Judge:

This is a direct appeal from judgment of sentence which was entered following appellant's open plea of guilty on February 14, 1984, to Robbery, Recklessly Endangering Another Person, Terroristic Threats, Possessing an Instrument of Crime and related charges. These charges arose from an incident on October 14, 1983, in which appellant placed a .22 caliber starter pistol against the back of a gas station attendant with the warning that unless the attendant gave appellant all the money, appellant would shoot. The attendant complied and appellant and two accomplices fled with $300.00.

On February 15, 1984, the Commonwealth gave written notice to appellant that it intended to proceed at sentencing under 42 Pa.C.S.A. § 9712, which provides for a mandatory

* Honorable Evelyn M. Trommer of the Court of Common Pleas of Philadelphia County, Pennsylvania is sitting by designation.

minimum five (5) year prison sentence for certain crimes, including robbery, committed with a firearm.[1] Counsel for appellant then filed a Motion to Declare § 9712 unconstitutional.

At the sentencing hearing, testimony was taken and argument was presented on the applicability and constitutionality of the challenged section. This appeal represents appellant's challenge to the trial court's finding by a preponderance of the evidence that the mandatory sentencing provisions of § 9712 were constitutional and the court's

1. 42 Pa.C.S.A. § 9712 provides in relevant part:

(a) Mandatory sentence.—Any person who is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii), or (iii) (relating to robbery), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) (relating to aggravated assault) or kidnapping, or who is convicted of attempt to commit any of these crimes, shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

(b) Proof at sentencing.—Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

(c) Authority of court in sentencing.—There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

(d) Appeal by Commonwealth.—If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.

sentence of appellant thereby to a term of imprisonment of from five to ten years. We affirm.

■ Appellant challenges the constitutionality of § 9712 in four respects. We will consider them *seriatim*. Because the Commonwealth is not required by the Act to provide an accused with pre-trial notice of its intent to proceed under § 9712, appellant asserts that the statute lacking this requirement is unconstitutional. In this argument and in others which he poses, appellant elevates the visible possession of a firearm aspect to an element of a crime, necessitating notice before trial. It is true that any element of a crime must be specifically charged in the indictment or information. *Commonwealth v. Moses*, 441 Pa. 145, 271 A.2d 339 (1970). In fact, appellant does not question the allegations in the charges relating to the fact that he possessed a firearm as to robbery, recklessly endangering another person and possessing an instrument of crime. He merely asserts that his due process rights are violated for lack of notice, pre-trial, as to the Commonwealth's intent to proceed at sentencing under § 9712, arguing therefore that possession of a firearm was an element of the crime to be proved beyond a reasonable doubt.

■ In *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985), *cert. granted, McMillan v. Pennsylvania*, ── U.S. ──, 106 S.Ct. 58, 88 L.Ed.2d 47 (1985) the Supreme Court disposed of this issue by finding that § 9712 applies only in the event the defendant is convicted of one of the offenses enumerated in the Act. The Court specifically refused to find that visible possession of a firearm is an element of a crime. Moreover, it concluded that § 9712 does not alter the degree of guilt as to the crimes to which it may be applied. Thus, the pre-trial notice mandated by crimes and their elements for which a defendant faces prosecution does not require notice that § 9712 will be applicable to a defendant at sentencing. Thus, appellant's first argument must be rejected.

■ *Commonwealth v. Wright, supra,* also addresses appellant's contentions that the Act is a violation of his due process rights in that it permits a lower standard of proof, a preponderance of the evidence rather than the beyond a reasonable doubt standard, for imposition of the mandatory minimum sentence. Appellant's third contention as to his rights to a jury's determination in this regard is addressed in this argument also. In deciding that the preponderance of the evidence standard was constitutional, the Supreme Court weighed the defendant's liberty interest against the Commonwealth's interest in imposing a mandatory sentence. The Court concluded that it is reasonable for a defendant and the Commonwealth to share equally in any risk of error which may be present in the fact-finding process.

In the context of a section 9712 proceeding, moreover, the risk of error is slight. Visible possession of a firearm is a simple, straightforward issue susceptible of objective proof. There is scant potential that suspicion and conjecture will enter into the factfinder's decision. In addition, evidence of visible possession is amenable to meaningful appellate review. Thus, we are convinced that the preponderance standard satisfies the minimum requirements of due process as employed in the legislature's mandatory sentencing scheme.

*Wright, supra,* 508 Pa. at 41, 494 A.2d at 362.

Appellant's second and third contentions are, therefore, meritless.

■ Finally, appellant argues that the Act confers "complete unbridled power upon the prosecutor to decide which case after conviction are (sic) to be subject to the possible imposition of a mandatory sentence of imprisonment." On this point appellant asserts violations of the constitutional doctrines of separation of powers between the executive and judicial branches of government and due process of law. He characterizes the role assigned by the Act to the prosecutor as an intrusion of the powers of the judiciary. The relevant section of 42 Pa.C.S.A. § 9712 provides:

**(b) Proof at sentencing.**—Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, *but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing.* The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable. (emphasis added)

However, the Act states in section (a), Mandatory sentence, *supra* at n. 1, that any person found guilty of certain enumerated crimes while visibly possessing a firearm "shall" be sentenced to a minimum sentence of at least five years confinement. And the use of the word "shall" in a statute has been generally regarded as imperative. See Statutory Construction Act, 1 Pa.C.S.A. § 1903; *Matter of Columbia Borough,* 24 Pa. Commonwealth Ct. 190, 354 A.2d 277 (1976).

A reading of this mandatory language, then, in subsection (a) of § 9712 combined with the requirement that a defendant receive notice of its applicability after conviction but prior to sentencing, leads us to conclude that the prosecutor does not possess the "unbridled" discretion argued by appellant. Rather than conferring an option on the Commonwealth to apply or not to apply the Act, the notice under the statute "shall" be provided and clearly assures an additional safeguard to the defendant. It affords a defendant the opportunity to marshall whatever evidence he or she has as to whether he or she visibly possessed a firearm in the commission of the crime for which sentencing is pending.

Thus, as we read the statute, the prosecutor has no discretion to apply or not to apply § 9712 in a proper case. Where some quantum of evidence exists that an enumerated crime was committed by a defendant who visibly pos-

sessed a firearm, the district attorney must invoke § 9712 pursuant to the required notice to the convicted defendant.[2] It is then for the sentencing court to decide whether the evidence introduced at the sentencing hearing rises to the preponderance standard. *See Commonwealth v. Anderson,* 345 Pa. Superior Ct. 407, 498 A.2d 887 (1985); *Commonwealth v. Wildermuth,* 347 Pa. Superior Ct. 640, 501 A.2d 258 (1985); *Commonwealth v. Walker,* 348 Pa. Superior Ct. 207, 501 A.2d 1143 (1985).

■ As for appellant's claim that the doctrine of separation of powers is violated by this limitation on the court's discretion in sentencing a defendant, we note that such discretion is not an innate power of the judiciary. It derives entirely from statute. *Commonwealth v. Glover,* 397 Pa. 543, 156 A.2d 114 (1959). And, as this court explained regarding a similar challenge to the mandatory life sentence for first degree murder,

"... our legislature has seen fit to impose a mandatory life sentence, choosing to deny the judiciary the discretion allowed in sentencing many other types of offenders."

*Commonwealth v. Waters,* 334 Pa. Superior Ct. 513, 526, 483 A.2d 855, 861 (1984).

Thus, the doctrine of separation of powers is not violated.

Additionally, in *Commonwealth v. Cooke,* 342 Pa. Superior Ct. 58, 492 A.2d 63 (1985), this court specifically found that the mandatory sentencing provision in § 9712 does not violate due process of law.

■ The weapon used in the commission of the instant robbery was a .22 starter pistol. § 9712(e) sets forth the definition of firearm as

**2.** In *Commonwealth v. Wright, supra,* 508 Pa. at 40, n. 4, 494 A.2d at 361, n. 4 the Supreme Court referred to the prosecution as having a "measure of discretion" under § 9712 and that such was a proper exercise of legislative judgment. This comment was not a holding in the case, and is not at odds with our finding today. Under the language of the Act, we merely refuse to accord the prosecutor any discretion where facts warrant application of the mandatory sentence.

"any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or the expansion of gas therein."

Appellant contends that the evidence submitted by both the Commonwealth and defense expert at the sentencing hearing failed to prove by a preponderance that the pistol in question could "readily be converted" to expel a projectile. He asserts this with emphasis on the word "readily" and suggests that because the Commonwealth's expert testified that conversion could only be accomplished by proper drilling, the starter gun in question could not be "readily" converted. This argument is specious. The trial court in its opinion quoted the report of the defense expert that it would take a skilled machinist with proper tools only fifteen minutes to accomplish a conversion to a firearm with projectile capability; it would take an unskilled person with basic tools and limited knowledge approximately one hour to accomplish the task. This information, supplied by appellant's own expert, fully supports the trial court's finding that the instant starter pistol qualified as a firearm under the definition supplied by § 9712.

Therefore, for the above reasons, judgment of sentence affirmed.