506 A.2d 1324

**COMMONWEALTH of Pennsylvania**

v.

**Thomas Joseph GAMBER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1985.

Filed March 31, 1986.

38

William P. Wismer, Media, for appellant.

Ann A. Osborne, Assistant District Attorney, Radnor, for Com., appellee.

Before WIEAND, CIRILLO and ROBERTS, JJ.

ROBERTS, Judge:

This is a direct appeal from the judgment of sentence of the Delaware County Court of Common Pleas finding appellant Thomas Joseph Gamber guilty of driving under the influence of alcohol in violation of 75 Pa.C.S.A. § 3731. Gamber presents four principal issues on appeal: (1) whether the trial court erred in allowing the Commonwealth to amend its information to include an averment of a prior conviction, (2) whether the results of an intoxilyzer test should have been suppressed, (3) whether the verdict was supported by the weight and sufficiency of the evidence, and (4) whether Pennsylvania's drunk driving law is unconstitutional. Concluding that these claims of error are uncompelling, we affirm.

## I.

As to appellant's first claim, the record reveals that the Commonwealth moved to amend the information to include appellant's prior conviction one day before trial. The amendment enabled the Commonwealth to charge Gamber as a second time offender and seek a minimum sentence of thirty days incarceration as opposed to a two day minimum for a first time offender. 75 Pa.C.S.A. § 3731(e)(1)(i), (ii).[1] Appellant argues that by permitting such amendment, the trial court disregarded Pa.R.Crim.P., Rule 229 which forbids an information to be amended where an additional or different offense is charged.[2]

---

1. 75 Pa.C.S.A. § 3731(e) provides in part:

(e) Penalty.—

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) not less than 48 consecutive hours.

(ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

2. Rule 229 states:

■ In *Commonwealth v. Reagan*, 348 Pa.Super. 589, 502 A.2d 702 (1985), a unanimous *en banc* panel of this court held that under 75 Pa.C.S. § 3731 the Commonwealth need not allege a prior conviction in the information. Initially, the *Reagan* court noted that a prior conviction does not constitute an element of the crime of driving while under the influence. *Id.*, 348 Pa.Superior Ct. at 593, 502 A.2d at 704–5; *cf. Commonwealth v. Allen*, 508 Pa. 114, 494 A.2d 1067 (1985) (for purposes of mandatory sentencing under 42 Pa.C.S. § 9714, a prior conviction is not an element of the offense). Further, the court emphasized that in applying the recidivist penalty provision of the statute, 75 Pa.C.S. § 3731(e)(1), the grade of the underlying offense is not altered.

> *Any* violation of § 3731 is a second degree misdemeanor. The maximum term of imprisonment for a second degree misdemeanor is two years. 18 Pa.C.S. § 1104. Yet the sentence required by 75 Pa.C.S. § 3731(e)(1)(iv) for even a fourth conviction for drunk driving, is "not less than one year." Thus the penalties provided in the Drunk Driving Law do not change either the nature or grade of the offense, nor do they increase the maximum sentence. Because those cases which held that the indictment or information must contain averments of prior convictions to subject a defendant to a recidivist penalty involved statutes which it was held altered the nature and grade of the offense, they are not controlling .... *(See, e.g., Commonwealth v. Herstine*, 264 Pa.Super. 414, 399 A.2d 1118 (1979) ).

*Reagan, supra*, 348 Pa.Superior Ct. at 595–596, 502 A.2d at 705. Consequently, where the imposition of recidivist penalty does not alter the nature and grade of the offense and

Amendment of Information

The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P., Rule 229.

where recidivism is not an element of the underlying offense, amendment of the information is unnecessary. *Compare* Pa.R.Crim.P., Rule 229.

We conclude that the rationale applied in *Reagan* to a situation in which the Commonwealth completely failed to amend the criminal information to include a prior conviction is equally applicable to the present situation where the Commonwealth has amended the information. It surely would be anomalous to preclude amendment where no obligation to amend exists. Accordingly, appellant's argument is rejected.

## II.

Appellant next asserts that the destruction of the breath sample used in the administering of the intoxilyzer test amounts to a violation of his due process rights under the Pennsylvania Constitution. While not disputing that the results of the test indicated a 0.14% blood-alcohol concentration,[3] appellant argues that had the sample been preserved it would have been potentially exculpatory. Accordingly, he contends that because the police failed to preserve the breath sample and, therefore, retesting was made impossible, evidence of the test should be suppressed. Although this argument has been rejected under federal due process standards, *California v. Trombetta*, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984), we are presented here with an issue of first impression. Concluding that, in the instant matter, the Pennsylvania Constitution commands no more due process protection than afforded under the Federal Constitution, we hold appellant's claim to be meritless.

It is axiomatic that under the due process clause of the fourteenth amendment of the Federal Constitution, as well as Article I, section 9 of the Pennsylvania Constitution, criminal prosecutions must be conducted within the precepts

---

3. An offense has occurred under 75 Pa.C.S.A. § 3731(a)(4) whenever a person operates a vehicle while "the amount of alcohol by weight in the blood of a person is 0.10% or greater."

of fundamental fairness. Consequently, certain constitutional safeguards have been developed to insure that the criminal defendant is able to present a complete defense. We require the Commonwealth, upon request, to disclose evidence favorable to the defendant that is material to guilt or to punishment. *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 40 L.Ed.2d 342 (1976); *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *accord Commonwealth v. Smith*, 417 Pa. 321, 334, 208 A.2d 219, 226 (1965) citing *Brady, supra.* The question now before us is whether a breath sample used in an intoxilyzer test falls within "what might loosely be called the area of constitutionally guaranteed access to evidence." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867, 102 S.Ct. 3440, 3447, 73 L.Ed.2d 1193 (1982) *as quoted in Trombetta, supra* at 485, 104 S.Ct. at 2532, 81 L.Ed.2d at 419.

In *California v. Trombetta*, the United States Supreme Court set forth the standard for determining when evidence is constitutionally material so as to require its preservation for disclosure under *Brady*. "[E]vidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and also be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id.* at 489, 104 S.Ct. at 2534, 81 L.Ed.2d at 422. Here, neither requirement is satisfied.

Where the results of an intoxilyzer test are inculpatory, no requirement need be imposed for the preservation of the breath sample. First, assuming, as we must, that the General Assembly has promulgated intoxilyzer testing procedures which are not constitutionally defective, *see* 1 Pa.C. S.A. § 1922, it becomes highly unlikely that the breath sample could have aided appellant's defense. As mandated by the legislature, the intoxilyzer and the procedures employed for its testing had been approved by both the Department of Health and the Department of Transportation. The accuracy of the device was confirmed within 30 days prior to its use. This inspection was performed by a certi-

fied intoxilyzer maintenance operator. Further, the actual testing was performed by a certified test operator in accordance with the standard operating procedures specified by the manufacturer. 67 Pa.Code § 77.1–.6.[4] Consequently, where, as here, the results of an intoxilyzer test are inculpatory, the police are justified in relying upon the accuracy of the information. Since no apparent exculpatory value existed during the testing, the breath sample need not be preserved.

Further, the destruction of the breath sample in no way deprived appellant of presenting a complete defense. Appellant still was able to attack the reliability of the intoxilyzer and the testing procedure. For example, evidence could have been offered demonstrating inaccurate calibration, extraneous influence, tampering with the results, or operator error.

Each of these means could have lead to an attack on the machine's reliability. As was the situation in *California v. Trombetta,* appellant was given the opportunity to inspect the intoxilyzer after its use. If the machine was inaccurately calibrated, direct evidence could have been introduced to discredit the test results. Second, as was noted in *Trombetta,* extraneous influences, such as radio waves or chemical effects on the blood of those who are dieting, may impact on the reliability of the intoxilyzer. But again, appellant was not denied the opportunity to present direct evidence at trial of any extraneous influence. Lastly, as to tampering or operator error, appellant had the right to cross-examine the officer who performed the test. So too, doubt could have been created as to the propriety of the procedures followed. *See Trombetta, supra* at 490–91, 104 S.Ct. at 2535, 81 L.Ed.2d at 423.

Ultimately, whether the intoxilyzer and its testing procedures are reliable is a question for the fact-finder. This determination is not dependent upon preservation of the breath sample used. In fact, it is the test result rather than

---

**4.** Appellant makes no allegation that the Commonwealth's compliance was less than complete.

the sample employed to achieve that result which is the object of appellant's attack. It is the test result which appellant wishes to prove unreliable, not the breath sample. Because comparable evidence from other reasonably available means exists, there is no necessity to preserve the breath sample in order to allow for a complete defense.

The Supreme Court stated in *Brady* that "[s]ociety wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly." *Brady, supra* at 87, 83 S.Ct. at 1197, 10 L.Ed.2d at 218. Our holding that under the laws of Pennsylvania, a defendant's rights are not abridged by the Commonwealth's failure to preserve a breath sample used in an intoxilyzer test, is clearly in harmony with the fair administration of criminal justice.

### III.

Appellant's next contention is that the verdict was against the weight and sufficiency of the evidence. He argues that the Commonwealth was unable to prove that at the time of arrest his blood alcohol content was 0.10% or greater. Because the intoxilyzer test was given forty-seven minutes after appellant was observed operating his vehicle, appellant asserts that the Commonwealth failed to prove beyond a reasonable doubt that he was intoxicated while driving as required by 75 Pa.C.S.A. § 3731(a)(4). Appellant's contention is unsupported and unpersuasive.

In determining whether evidence is sufficient to sustain a verdict, we ask

[w]hether accepting as true all of the evidence viewed in the light most favorable to the Commonwealth, together with all reasonable inferences therefrom, the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.

*Commonwealth v. Lovette*, 498 Pa. 665, 450 A.2d 975 (1982), *cert. denied* 459 U.S. 1178, 103 S.Ct. 830, 74 L.Ed.2d

1025 (1983). In driving under the influence cases, the Commonwealth has the burden of proving that the defendant was operating a motor vehicle and was intoxicated during that period. *See, e.g., Commonwealth v. Dincel,* 311 Pa.Super. 470, 457 A.2d 1278, *appeal dismissed* 503 Pa. 41, 467 A.2d 1307 (1983). Here, accepting as true all of the evidence presented by the Commonwealth, the jury reasonably could have found the elements of the offense sufficiently proven.

The Commonwealth need not prove its case to a mathematical certainty; only beyond a reasonable doubt. *See Commonwealth v. Nole,* 448 Pa. 62, 292 A.2d 331 (1972); *Commonwealth v. Williams,* 476 Pa. 557, 383 A.2d 503 (1978). Here, evidence was introduced that appellant had a 0.14% blood alcohol level forty-seven minutes after he was initially observed. It was for the jury to determine whether this evidence was sufficient to sustain a finding of guilt. Clearly, as the test result was indicative of appellant's condition at a relevant time, the evidence was properly before the jury. *See Commonwealth v. Arizini,* 277 Pa.Super. 27, 419 A.2d 643 (1980) (blood test taken more than two hours after automobile accident indicative of defendant's condition at relevant time). Although appellant argues that his blood-alcohol level rose during the period of delay, it was not an unreasonable inference for the jury to have found appellant intoxicated forty-seven minutes earlier. Before relief is warranted, "it must appear from the record that the jury's verdict was so contrary to the evidence as to shock one's sense of justice ..." *Commonwealth v. Barnhart,* 290 Pa.Super. 182, 185, 434 A.2d 191, 192 (1981). Such is not the case here.

■ Moreover, there is no requirement that the Commonwealth present evidence of an intoxilyzer test in order to sustain a conviction for driving under the influence. *See* 75 P.C.S.A. § 3731(a)(1); *Commonwealth v. Boerner,* 268 Pa. Super. 168, 407 A.2d 883 (1979), *appeal dismissed* 491 Pa. 416, 421 A.2d 206 (1980) (where evidence of breathalyzer test improperly admitted, court held error harmless as

overwhelming testimonial evidence presented by police officers). Again, it was not unreasonable for the jury to have found appellant intoxicated.

Evidence independent of the intoxilyzer test was introduced which was capable of establishing guilt. The investigating officer testified that appellant was observed travelling approximately 60 m.p.h. in a 55 m.p.h. zone. His automobile was seen swaying from the left-hand lane to the right-hand lane on six occasions. After being stopped by the police, a strong odor of alcohol was detected on appellant's breath. His eyes were bloodshot and his speech slurred. He also had difficulty walking and needed to lean on his car to support himself.

Here, whether the jury based its finding on either the intoxilyzer result or the testimony of appellant's physical condition or both, the verdict clearly was supported by the evidence.

## IV.

Finally, appellant argues that the mandatory sentencing provisions of 75 Pa.C.S.A. § 3731 are unconstitutional. He presents four primary grounds to support his contention. First, appellant asserts that because the statute contains no requirement of specific notice in the information as to prior convictions, a deprivation of due process rights occurs when a prior conviction is considered at sentencing. Second, he maintains that the mandatory sentencing provisions reflect an encroachment upon the judiciary by the legislature and violate the doctrine of separation of powers. Third, appellant contends that due process rights are denied because the mandate of a minimum sentence forecloses the opportunity to present evidence of mitigating circumstances. Fourth, he claims that the doctrine of separation of powers is abridged in that district justices are prohibited from reducing or modifying charges brought under the statute. We hold each of appellant's constitutional arguments to be meritless.

Our review of appellant's challenges starts from the premise that a legislative enactment enjoys a presumption of a constitutionality and will not be declared unconstitutional unless it "clearly, palpably and plainly" violates the Constitution. *See Tosto v. Pennsylvania Nursing Home Loan Agency*, 460 Pa. 1, 331 A.2d 198 (1975); *Daly v. Hemphill*, 411 Pa. 263, 191 A.2d 835 (1963). It is this heavy burden of persuasion which appellant bears. *Accord Spidle v. Livingston Construction Co., Inc.*, 311 Pa.Super. 201, 457 A.2d 565 (1983); *Estate of Cox*, 327 Pa.Super. 479, 476 A.2d 367 (1984).

■ Appellant's first claim regarding the lack of notice for prior convictions fails to implicate a constitutionally protected right. Under 75 Pa.C.S.A. § 3731, due process rights are not violated when the Commonwealth fails to give pre-trial notice of a prior conviction. Because a prior conviction only becomes relevant at the time of sentencing and, consequently, is not an element of the underlying offense, notice in the information of a prior conviction is not constitutionally mandated. *See* Pa.R.Crim.P., Rule 225(b) (5); *cf. Commonwealth v. Cofoni*, 349 Pa.Super. 407, 411, 503 A.2d 431, 433 (1986) (pre-trial notice of prior conviction is not constitutionally required in order for Commonwealth to impose enhanced sentence under visible possession of a firearm statute, 42 Pa.C.S.A. § 9712); *Commonwealth v. Allen*, 508 Pa. 114, 494 A.2d 1067 (1985) (prior conviction of serious felony is not an "element of the offense" for purposes of 42 Pa.C.S.A. § 9714). Consequently, we conclude that the absence of pre-trial notice of appellant's prior conviction does not render 75 Pa.C.S.A. § 3731 unconstitutional.

■ Appellant's next contention that the legislature has encroached upon powers vested with the judiciary also is unpersuasive. Our courts have long held that it is within the "province" of the legislature to define criminal punishment.

It is within the province of the legislature to pronounce what acts, in addition to those recognized at common law,

are crimes, and to fix the punishment for all crimes, whether statutory or common law. The legislature has the right to classify crimes, and designate the procedure at trial or after sentence; it may fix the maximum penalty and likewise can, if it sees fit, name the minimum. The necessity or wisdom of its action is a question for its determination, and in so doing it does not violate Art. V, sec. 1 of the (Pennsylvania) Constitution vesting the judicial power in the courts ....

*Commonwealth ex rel. Lycett v. Ashe*, 145 Pa.Super. 26, 29, 20 A.2d 881, 883 (1941) (citations omitted); *accord Commonwealth v. Hernandez*, 339 Pa.Super. 32, 488 A.2d 293 (1985); *Commonwealth v. Cooke*, 342 Pa.Super. 58, 492 A.2d 63 (1985). Although certain aspects of each branch of the government must remain wholly apart from the control of the other, *see In Re 42 Pa.C.S.A. § 1703*, 482 Pa. 522, 394 A.2d 444 (1978), the legislature's designation of minimum and maximum sentences for a particular crime does not violate the separation of powers clause. *See Garner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 1204–5, 51 L.Ed.2d 393, 402 (1977) ("... defendant has no substantive right to a particular sentence within the range authorized by statute ..."). Accordingly, since the mandatory sentencing provisions of 75 Pa.C.S.A. § 3731 merely limit a court's discretion in fixing a sentence between minimum and maximum parameters, there exists no basis for attacking the court's sentencing function.

■ Similarly, appellant's argument that mandatory sentencing deprives him of his due process right to present mitigating circumstances that would justify non-incarceration previously has been rejected by our courts. Initially, we note that even if an offense carries with it only one mandatory penalty, the sentence is not *per se* violative of due process. Individualized consideration of the offender and the crime, although mandated by the eighth amendment in capital cases, is not demanded in noncapital situations. *Accord Commonwealth v. Waters*, 334 Pa.Super. 513, 526,

483 A.2d 855, 861 (1984) (mandatory life sentence for first-degree murder constitutional even though sentencing statute fails to provide for consideration of mitigating circumstances); *Commonwealth v. Dessus*, 262 Pa.Super. 443, 396 A.2d 1254 (1978). Further, as in the present case, where an appellant can present mitigating circumstances seeking to influence the sentence, the claim of a due process violation becomes even less persuasive. *Hernandez, supra*, 339 Pa.Superior Ct. at 41, 488 A.2d at 298 (room for consideration of ameliorative factors in determining precise sentence for homicide by vehicle while driving under the influence, 75 Pa.C.S.A. § 3735, refutes claim of due process violation).

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 2976, 41 L.Ed.2d 935, 952 (1974) *citing Dent v. West Virginia*, 129 U.S. 114, 123, 9 S.Ct. 231, 233, 32 L.Ed. 623 (1889). Here, given the legitimate concerns of the legislature in preventing and punishing drunk driving, the mandatory sentencing provisions of 75 Pa.C.S.A. § 3731 are in no way arbitrary. As previously stated by this court in *Commonwealth v. Hernandez*:

> The problems caused by drunk drivers in our Commonwealth is well documented. *See,* Governor's DUI Task Force Report (October 14, 1982, Harrisburg). We cannot say that an obligatory prison term under 75 Pa.C.S. §§ 3731 or 3735 lacks a rational relationship to the public policy, voiced by our legislature, of reducing the number of fatalities, injuries, and accidents caused by drunk drivers. ... We find that due process of law is not violated when courts accede to legislative authority to frame a coherent statutory scheme for the administration of sentencing for certain criminal offenses. The mandatory sentencing provisions, designed by the legislature to protect human life and property, represent sound public policy, are reasonably related to the ends sought to be accomplished, and are not constitutionally impermissible.

*Id.,* 339 Pa.Superior Ct. at 41–42, 488 A.2d at 298.  The consideration afforded to mitigating circumstances under 75 Pa.C.S.A. § 3731 comprises a "coherent statutory scheme for the administration of sentencing."  We hold that the mandatory sentencing provisions of the driving under the influence statute do not encroach into protected due process rights.

■   Lastly, we reject appellant's contention that the statute's mandate that charges of an offense not be reduced or modified at a preliminary hearing or arraignment violates the doctrine of separation of powers and the right to due process.  Again, this argument previously has been rejected by the court in *Commonwealth v. Hernandez.*  The court stated:

> ... Under the Rules of Criminal Procedure, there is no right in the district justice to change any of the charges. At the preliminary hearing, the district justice's job is merely to determine the existence or non-existence of a prima facie case.[9]  We see no conflict between these two alternatives available to the district justice and the provision of section 3731(f).  The New Law does not prohibit the district justice from dismissing the case if a prima facie case is not established;  it simply prohibits *reduction* or *modification* of the original charges.  While one could view a dismissal of the charges as the ultimate reduction, we do not think that the legislature intended such an interpretation.

---

[9.]  Pa.R.Crim.P. 145 does provide for dismissal of a non-forceful misdemeanor upon satisfaction or agreement, but the rule is basically designed to effect civil compromises between affected individuals so that substantial justice is achieved and the parties achieve mutual satisfaction.  It is not applicable to the case herein.

*Id.,* 339 Pa.Superior Ct. at 48, 488 A.2d at 302.  Appellant has failed to set forth any persuasive reason to disturb the existing precedent.

Our review satisfies us that appellant has established no basis for relief.

Judgment of sentence affirmed.