588 A.2d 30

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Donna L. DEMIS.**

**No. 1747 Pittsburgh 1989**

Superior Court of Pennsylvania.

Argued Jan. 10, 1991.

Filed March 6, 1991.

Reargument Denied April 11, 1991.

John F. DiSalle, Asst. Dist. Atty., Washington, for Com.

Mark S. Galper, Monessen, for appellee.

Before TAMILIA, POPOVICH and JOHNSON, JJ.

JOHNSON, Judge:

The Commonwealth appeals from an order which suppresses the results of a blood alcohol test in a prosecution for driving while under the influence of alcohol, 75 Pa.C.S. § 3731(a)(4). We are asked to decide whether the destruction of a blood sample offends due process where (1) access to the sample can only be obtained through the cooperation of the prosecuting officer and (2) both the Commonwealth and the prosecuting officer are aware of a timely request for preservation.

■■■■ We conclude that neither the federal nor the state constitution impose a requirement for preservation of a sample of body fluid or breath where the results of chemical test are inculpatory. We also conclude that the blood alcohol sample was not evidence and need not have been preserved for disclosure. Finding no other basis upon which relief could have been granted, we therefore conclude that the motion to suppress should have been denied. We reverse the order suppressing the results of the test and remand for further proceedings not inconsistent with this opinion.

Donna L. Demis was stopped by Officer Charlton of the Donora Police on May 7, 1989 for driving at excessive speeds while operating an automobile. She was charged with driving under the influence of alcohol, after failing several field sobriety tests administered by Officer Charlton. Demis was later asked to submit to a blood alcohol test at a local hospital. A blood sample was taken from Demis and submitted to the Pennsylvania State Police Crime Laboratory in Greensburg (Crime Lab) for a gas chromatographic analysis. The lab report, issued May 15,

1989 established that the ethyl alcohol level in Demis's blood was 0.11%.

On May 22, 1989 defense counsel forwarded a written request for a copy of the lab report to the Donora Police. In the letter counsel informed the Donora Police of his intention to have the sample tested by an independent forensic chemist. The next day, May 23, 1989, defense counsel telephoned the Crime Lab and requested that the Crime Lab preserve Demis's blood sample for re-testing. Mr. McAtee of the Crime Lab agreed to preserve the sample. However, he informed defense counsel that the blood sample could only be released to the requesting agency, in this case, the Donora Police. Defense counsel again contacted the Donora Police indicating his desire to obtain the blood sample for testing by an independent chemist. However, the sample was never obtained.

On July 5, 1989, Demis's attorney had filed a Request for Pre–Trial Discovery which included a request that the Commonwealth produce Demis's blood samples. On August 14, 1989 the Commonwealth filed its Answer and later notified Demis that it would cooperate in obtaining the sample for independent testing. When defense counsel contacted the Crime Lab he learned that the sample had been destroyed on July 7, 1989. Demis then filed a Motion for Dismissal of Charges or to Suppress Evidence. Her suppression motion was granted after a hearing. The Commonwealth appeals the court's decision.

Our initial review of a suppression court's ruling is limited to whether the factual findings are supported by the record. *Commonwealth v. Hamlin*, 302 Pa.Super. 86, 448 A.2d 538 (1982). If the evidence supports the factual findings we may only reverse if the legal conclusions drawn therefrom are in error. *Id.* Applying this standard to the instant case, we conclude that the suppression court erred in granting Demis's motion to suppress the results of her blood test.

The Commonwealth argues that the results of the blood alcohol test are admissible pursuant to *Commonwealth v. Tillia*, 359 Pa.Super. 302, 518 A.2d 1246 (1986) and cites *Tillia* for the proposition that the Commonwealth has no duty to preserve evidence. Demis, on the other hand, contends that the results should have been suppressed due to unexcused delays and because she had been denied her right to due process with regard to having an independent analysis of the sample performed where she has made a timely request for the same.

First, we recognize that Demis had no statutory right to independent analysis of the original blood sample. Chemical testing is covered under 75 Pa.C.S. § 1547 which provides in pertinent part:

> **§ 1547.  Chemical testing to determine amount of alcohol or controlled substance**
>
> . . . .
>
> **(g) Test results available to defendant.**—Upon request of the person tested, the results of any chemical test shall be made available to him or his attorney.
>
> **(h) Test by personal physician.**—The person tested shall be permitted to have *a physician* of his own choosing administer *an additional breath, blood or urine chemical test* and the results of the test shall also be admissible in evidence.  The chemical testing given at the direction of the police officer shall not be delayed by a person's attempt to obtain an additional test.

75 Pa.C.S. § 1547(g) and (h) (emphasis added).  Section 1547(g) advises an individual that test *results* are available upon request.  Section 1547(h) merely provides an individual with the right to have a physician administer *an additional test,* the results of which are also admissible at trial.  It does not provide an individual with the right to re-test her original sample as Demis would have us believe.

We next consider whether the Commonwealth had any duty to preserve her blood sample based upon Constitutional grounds.  The federal standard whereby evidence is

constitutionally required to be preserved for disclosure was enunciated in the case of *California v. Trombetta,* 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). In that case, Trombetta was stopped for drunken driving. He submitted to an Intoxilyzer or breath test which registered a blood-alcohol level of substantially higher than 0.10%. Pursuant to established practice, the sample was not preserved by the California police.

Trombetta filed a motion to suppress the Intoxilyzer test results on the ground that the arresting officers had failed to preserve his breath sample, claiming that if his sample had been preserved he would have been able to impeach the incriminating Intoxilyzer results. The lower court denied Trombetta's motion. Trombetta appealed to the California Court of Appeal which granted his motion to suppress. The State petitioned for certiorari in the California Supreme Court; that petition was denied. The United States Supreme Court granted certiorari and set forth the following two-pronged test for determining whether evidence is constitutionally required to be preserved for disclosure:

> evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.

*Trombetta,* 467 U.S. at 489, 104 S.Ct. at 2534, 81 L.Ed.2d at 422. The Supreme Court concluded that:

> [t]o the extent that respondent's breath samples came into the possession of California authorities, it was for the limited purpose of providing raw data to the Intoxilyzer. The evidence to be presented at trial was not the breath itself but rather the Intoxilyzer results obtained from the breath samples.

*Trombetta,* 467 U.S. at 487–488, 104 S.Ct. at 2533, 81 L.Ed.2d at 421 (footnote omitted). The Court then held that the Due Process Clause of the Fourteenth Amendment did not require that law enforcement agencies preserve breath samples in order to introduce breath analysis tests at trial.

We have considered this issue within the framework of the Pennsylvania Constitution in *Commonwealth v. Gamber*, 352 Pa.Super. 36, 506 A.2d 1324 (1986) and *Commonwealth v. Tillia*, 359 Pa.Super. 302, 518 A.2d 1246 (1986). In *Gamber* the appellant argued that his blood sample would have been potentially exculpatory and thus should have been preserved by the police for re-testing. However, the trial court found Gamber guilty of driving under the influence of alcohol. We affirmed the trial court's decision, applying the test enunciated in *Trombetta, supra* and held that under the Pennsylvania Constitution, a defendant's rights are not abridged by the Commonwealth's failure to preserve a breath sample where appellant has not shown that the evidence he seeks to preserve is both exculpatory and of such a nature that defendant would be unable to obtain comparable evidence by other reasonably available means. *See Gamber, supra,* 352 Pa.Super. at 41–42, 506 A.2d at 1327–1329.

Again applying the Pennsylvania Constitution in *Tillia,* our holding was the same. In that case Tillia's blood sample was destroyed the day or the next day after it was extracted from Tillia pursuant to the state policy then in effect. In *Tillia* we also held that Tillia's only recourse was to challenge the "reliability of the test device and procedures, as well as the credibility of the analyst." *Tillia,* 359 Pa.Super. at 313, 518 A.2d at 1252. Further, in both *Gamber* and *Tillia* we stated that the test result, not the test sample is the material evidence which is determinative of a defendant's guilt or punishment. *Gamber,* 352 Pa.Super. at 43–44, 506 A.2d at 1328; *Tillia,* 359 Pa.Super. at 313–314, 518 A.2d at 1252.

Applying the rule as enunciated in *Trombetta* and followed by our court in *Gamber* and *Tillia,* we conclude that Demis's motion to suppress the results of her blood test should have been denied. Demis has not alleged that the evidence was exculpatory or of such a nature that comparable evidence could not be obtained by other reasonably available means. She merely alleges that she made a

timely request for its preservation and therefore the sample should not have been destroyed. This is not enough.

Moreover, the results of her blood test were inculpatory; her test results indicated an 0.11% alcohol level. 75 Pa.C.S. § 3731(a)(4) prohibits a person from driving while the amount of alcohol by weight in the person's blood is 0.10% or greater. Demis was in violation of the statute based upon her test results. Thus, she should have challenged "the reliability of the test device and procedures, as well as the credibility of the analyst" instead of filing a motion for suppression. *See Tillia,* 359 Pa.Super. at 313, 518 A.2d at 1252. Her constitutional challenge fails in light of our application of the aforementioned standard for preservation.

Finally, we note that the case of *Commonwealth v. Koebach,* 40 Lehigh L.J.1984 is inapplicable here. *Koebach,* decided without the benefit of *Gamber* and *Tillia,* does not set forth Pennsylvania law. We have concluded in *Gamber* and *Tillia* that the test results and not the sample are evidence. Therefore destruction of the sample is not a violation of due process where the appellant has not shown that the destroyed evidence "posess[es] [both] an exculpatory value that was apparent before the evidence was destroyed, and also be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Gamber,* 352 Pa.Super. at 42, 506 A.2d at 1327–1328 (citation omitted); *Tillia,* 359 Pa.Super. at 310, 518 A.2d at 1250 (citation omitted).

Accordingly, we reverse the order of the trial court and remand.

Order reversed. Case remanded. Jurisdiction relinquished.