542 A.2d 1324

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Michael LARKIN, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 12, 1987.

Decided May 20, 1988.

226

Eric Kadish, Huntingdon Valley, for appellant.

Alan Rubenstein, Dist. Atty., Wallace H. Bateman, Asst. Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

After a non-jury trial before Judge Biester, Jr., of the Court of Common Pleas of Bucks County, Appellant, Michael Larkin, was found guilty of two counts of robbery,[1] theft by unlawful taking,[2] receiving stolen property,[3] simple

1. 18 Pa.C.S. § 3701.
2. 18 Pa.C.S. § 3921.
3. 18 Pa.C.S. § 3925.

assault,[4] recklessly endangering another person,[5] possessing an instrument of crime,[6] and carrying a firearm without a license.[7] The trial court found that, during the course of the robbery, Appellant visibly possessed a firearm as defined under the Mandatory Sentencing Statute, 42 Pa.C.S. § 9712. In conformity with the reports of several psychologists and psychiatrists, coupled with admitted factual testimony at trial, the trial court also found that Appellant was "guilty but mentally ill" as that term is defined at 18 Pa.C.S. § 314.[8] On June 7, 1984, Appellant was sentenced to a period of incarceration of not less than five nor more than ten years at a state correctional institution. Although Appellant was found[9] to be severely mentally disabled under the statute permitting a finding of guilty but mentally ill (18 Pa.C.S. § 314), the trial judge imposed the sentence that he did only because he expressly determined that it was required under the Mandatory Sentencing Statute (42 Pa.C.S. § 9712), which provides for a minimum term of imprisonment of five years where a crime is committed by someone in visible possession of a firearm.[10] The Superior

4. 18 Pa.C.S. § 2701.

5. 18 Pa.C.S. § 2705.

6. 18 Pa.C.S. § 907.

7. 18 Pa.C.S. § 6106.

8. 18 Pa.C.S. § 314.

9. The trial judge stated in his opinion: "[t]he reports of the psychological expert witnesses brought the defendant squarely within the ambit of the guilty but mentally ill act and we therefore found him guilty but mentally ill. That verdict was the result expected by both sides." (Opinion at 1326).

10. Appellant argued that persons found guilty but mentally ill and sentenced under that Act (42 Pa.C.S. § 9727) are taken out of the requirements of the Mandatory Sentencing Act. However, in this regard, Judge Biester stated:

The difficulty with the defendant's position in this case is that under the very strong and definitive language of the Mandatory Sentencing Act, so long as the procedures called for under that Act are followed, and they have been followed in the instant case, "there shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to

Court (Del Sole, Montemuro and Beck, JJ.) affirmed in a memorandum opinion and *per curiam* order. 352 Pa.Super. 615, 505 A.2d 1033.

In his appeal to this Court, Appellant argues that his sentence was improper for two broad reasons. First, he argues that 42 Pa.C.S. § 9712, the Mandatory Sentencing Statute, is unconstitutional both on its face and as it was applied in this case. Second, he argues that the Mandatory Sentencing Statute was improperly applied in a situation where Appellant was found guilty but mentally ill under 18 Pa.C.S. § 314. Both arguments must be rejected.

Appellant presents five grounds upon which he argues that the Mandatory Sentencing Statute is unconstitutional, or that it was applied here in an unconstitutional way. He contends that:

1) Since the Mandatory Sentencing Statute does not require pre-trial notice from the Commonwealth that it seeks application of a mandatory sentence, this violates due process and deprives the courts of jurisdiction.

2) Since proof of visible possession of a firearm need only be established by a preponderance of the evidence, due process is violated.

3) The right to a jury trial on the issue of visible possession of a firearm is improperly denied.

suspend sentence." Section (a) of the Act provides that one who is convicted of robbery shall if the person visibly possessed a firearm during the commission of the offense be sentenced to a minimum sentence of at least five years of total confinement. The language is quite clear and so long as the procedures are followed as they were followed in the instant case there is no authority in this Court to impose a sentence lesser than that mandated by Section (a), therefore no shorter sentence may lawfully be imposed on this defendant or any other defendant convicted of the same offense. Any defendant convicted of the offense of robbery and found in the commission of that offense to have visibly possessed a firearm may only lawfully be sentenced to a term of not less than five years. Therefore, notwithstanding the ingenuity of the argument offered by defense counsel we are constrained to find that reading the sections together leads inevitably to the conclusion that no lesser sentence may be imposed under the circumstances of this case. (Opinion at 1327 and 1328).

4) Since unbridled discretion is given to the prosecutor to decide when to apply the statute, there is both a violation of the separation of powers doctrine and a denial of due process.

5) Because the Mandatory Sentencing Statute dictates to the courts the allocation of the burden of proof at sentencing along with the manner in which the evidence must be presented, this constitutes an unwarranted interference by the legislature with this Court's power to govern practice and procedure in our courts, and hence violates Article V, Section 10(c) of the Pennsylvania Constitution in addition to the separation of powers doctrine.

These contentions may be summarily disposed of since they were all expressly or implicitly rejected by this Court in *Commonwealth v. Bell*, 512 Pa. 334, 516 A.2d 1172 (1986).

We granted allocatur in this case because we were concerned about Appellant's argument to the effect that application of the Mandatory Minimum Sentencing Statute here was inconsistent with the finding of "guilty but mentally ill." The statute creating the disposition of "guilty but mentally ill" was enacted by our Legislature effective March 15, 1983. It is found in that part of our consolidated statutes dealing with "culpability" and allows for a finding of "guilty but mentally ill" by the trier of fact when an individual is determined to have been mentally ill at the time of the commission of an offense but not legally insane. 18 Pa.C.S. § 314(a). The general sentencing provisions for this disposition are found at 42 Pa.C.S. § 9727 which require that treatment be provided as psychiatrically or psychologically indicated for such a person.

The one obvious intent of this legislation is to provide mental health treatment for those individuals whose defense falls short of legal insanity, but who, nevertheless, are severely mentally disabled and in need of treatment for that disability.

42 Pa.C.S. § 9727, in pertinent part, provides as follows:

### § 9727. Disposition of persons found guilty but mentally ill

(a) **Imposition of sentence.**—A defendant found guilty but mentally ill or whose plea of guilty but mentally ill is accepted under the provisions of 18 Pa.C.S. § 314 (relating to guilty but mentally ill) may have any sentence imposed on him which may lawfully be imposed of any defendant convicted of the same offense. Before imposing sentence, the court shall hear testimony and make a finding on the issue of whether the defendant at the time of sentencing is severely mentally disabled and in need of treatment pursuant to the provisions of the act of July 9, 1976 (P.L. 817, No. 143) known as the "Mental Health Procedures Act."

(b) **Treatment.**—

(1) *An offender who is severely mentally disabled and in need of treatment at the time of sentencing shall, consistent with available resources, be provided such treatment as is psychiatrically or psychologically indicated for his mental illness....*

(c) **Discharge report.**—When a treating facility designated by either the Bureau of Correction of the Department of Public Welfare discharges such a defendant from treatment prior to the expiration of his maximum sentence, that treating facility shall transmit to the Pennsylvania Board of Probation and Parole, the correctional facility or county jail to which the offender is being returned and the sentencing judge a report on the condition of the offender, together with the rasons for its judgments,

(d) **Prerelease and parole conditions.**—An offender who is discharged from treatment *may* be placed on prerelease or parole status under the same terms and laws applicable to any other offender. Psychological and psychiatric counseling and treatment may be required as a condition of such status. Failure to continue treatment, except by agreement of the supervising authority, shall

be a basis for terminating prerelease status or instituting parole violation hearings. (Emphasis added.)

Appellant argues that this language gives the sentencing judge broad discretion to impose a sentence that would best serve the treatment needs of an individual defendant, and that 42 Pa.C.S. § 9727 does not explicitly address the situation that arises when the offense for which a defendant has been found guilty but mentally ill is an offense which is covered under one of the mandatory sentence acts, as in the instant case. In such a situation, Appellant argues that the sentencing judge is allowed to deviate from the mandatory acts, which might otherwise apply absent such a finding of guilty but mentally ill.

Appellant does point to what at first appears to be an inconsistency. The guilty but mentally ill statute creates a category of reduced culpability or diminished capacity that does not affect the determination of guilty itself. It is therefore logical to argue that such a finding, when it occurs, may affect both the right to treatment and the total length of incarceration (which may also be reflected in the terms of probation and parole). Obviously, where a mandatory minimum sentence is involved, a finding of guilty but mentally ill could not affect a reduction in the mandatory minimum sentence without doing violation to the mandatory requirements of that statute. On the other hand, adherence to the mandatory minimum sentencing requirements would mean that a finding of guilty but mentally ill could never effectuate a reduction in sentence in those cases where the mandatory sentencing statute was applicable.

We, nevertheless, reject Appellant's argument that, because of this alleged inconsistency, the Mandatory Minimum Sentencing Act must give way. We do this on the basis of a careful reading of the relevant provisions of the Mandatory Sentencing Statute which provisions are clear and unambiguous.

42 Pa.C.S. § 9712, Sentences for Offenses Committed with Firearms, provides, in pertinent part, as follows:

(a) **Mandatory sentence.**—Any person who is convicted in any court of this Commonwealth of murder of the third

degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) (relating to aggravated assault) or kidnapping, or who is convicted or attempt to commit any of these crimes, *shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.*

. . . . .

**(c) Authority of court in sentencing.**—*There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a)* or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section. (Emphasis added.)

The legislative intent that a person who commits one of the enumerated crimes with a firearm must serve a period of at least five years total confinement "notwithstanding any other provision of this title or other statute to the contrary" is crystal clear and free of all ambiguity. As the Statutory Construction Act provides:

When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b).

See also, *Commonwealth v. Bell, supra.*[11] Hence, we conclude that both the trial court and the Superior Court were correct here in concluding that the finding that Appellant was guilty but mentally ill did not permit a reduction in

11. In *Bell,* we stated the following with respect to the question of whether the mandatory minimum sentencing statute applied to a

the mandatory minimum sentence of five years for commission of a robbery while in visible possession of a firearm.

Affirmed.

conviction for voluntary manslaughter committed while the defendant was in visible possession of a firearm, where voluntary manslaughter is one of the crimes expressly enumerated in the mandatory sentencing statute (42 Pa.C.S. § 9712, set forth, *supra.*)

When the language of a statute is clear and unambiguous, the judiciary must read its provisions in accordance with their plain meaning and common usage.... It is not within judicial prerogative to disregard the principles of statutory construction and engage in a selective reading of the purposes behind the mandatory minimum sentencing law. The language contained in the statute at issue is clear and explicit. The criminal act of "voluntary manslaughter" is listed as one of the seven offenses subject to a mandatory sentence if the offender visibly possessed a firearm during the crime.... When the statute's meaning is plain, there is no occasion for resorting to rules of statutory interpretation or looking to the legislative history when doing so would alter the plain meaning of the statute....

We reversed the trial court in *Bell.* That court had concluded that the minimum sentencing statute dealing with firearms had not been intended to apply to a heat of passion killing committed by an emotionally involved, otherwise law abiding, citizen who succumbed to rage or panic and killed a lover or a family member. We did not permit considerations of diminished capacity or judicial compassion to serve as a warrant to ignore the clearest of statutory mandates. Our conclusion in the instant case is entirely consistent with *Bell.*