613 A.2d 530

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Pedro CORPORAN, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 8, 1992.

Decided June 17, 1992.

Floyd P. Jones, Asst. Public Defender, for appellant.

Christy H. Fawcett, Deputy Prosecutor, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

In 1989, in the Court of Common Pleas of York County, the appellant, Pedro Corporan, was convicted of possession of a controlled substance with intent to deliver. Appellant was sentenced to three to six years imprisonment, and a fine of fifteen thousand dollars was imposed. An appeal was taken to the Superior Court, whereupon the judgment of sentence was affirmed. 406 Pa.Super. 660, 583 A.2d 830. The present appeal, by allowance, ensued. We affirm.

The three year minimum term of imprisonment and fifteen thousand dollar fine imposed upon appellant was prescribed by the mandatory sentencing provision in 18 Pa.C.S. § 7508(a)(3)(ii). The issue presented in this appeal is whether the sentencing provision was properly applied.

Appellant was convicted for being in possession of a mixture of powder containing cocaine. By its express terms, the mandatory sentencing provision is to be applied when possession of the controlled substance has involved a quantity of the substance having a specified minimum weight, to wit, ten grams. There was no evidence in this case that the cocaine itself, as opposed to the mixture of cocaine and powdered

cutting agents, met that weight requirement. The total weight of the powder, containing cocaine, that was seized from appellant was 14.19 grams. The weight of the pure cocaine contained in that powder is not known.

■ Appellant contends that the mandatory sentencing provision applies only where the weight of the pure cocaine seized meets the ten gram requirement, rather than where the weight of the mixture of cocaine and cutting agent together meets that requirement. We do not agree. Such a contention is plainly contrary to the express language of the statute.

When appellant was sentenced, 18 Pa.C.S. § 7508(a) provided in pertinent part as follows: *

(3) A person who is convicted of violating section 13(a)(14) or (30) of The Controlled Substance, Drug, Device and Cosmetic Act where the *controlled substance is* coca leaves *or* is any salt, compound, derivative or *preparation* of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances *or* is *any mixture* containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced *to a mandatory minimum* term of imprisonment and a fine as set forth in this subsection:

. . . .

(ii) upon the first conviction when the *amount of the substance* involved is at least ten grams and less than 100 grams; three years in prison and a fine of $15,000. . . .

(Emphasis added).

■ This is not a case where the meaning of the statute in question is ambiguous, such that we would need to search for legislative history or resort extensively to rules of statutory

---

* The quoted portion of the statute is that which was in effect at all times relevant to this case. The statute was revised by the legislature in 1990, and the revision clearly expresses that the weight of the mixture, as opposed to the weight of the pure cocaine, is the factor upon which application of the sentencing provision depends. The legislature retained, therefore, a clear focus upon the weight of the mixture as opposed to the weight of the cocaine as the determinative factor.

construction to discern the legislative intent. When the language of a statute is clear and unambiguous, it must be given effect in accordance with its plain and common meaning. *Commonwealth v. Larkin,* 518 Pa. 225, 232–33, 542 A.2d 1324, 1328 (1988); *Commonwealth v. Bell,* 512 Pa. 334, 339–40, 516 A.2d 1172, 1175 (1986); Statutory Construction Act, 1 Pa.C.S. § 1921(b). See also 18 Pa.C.S. § 105 (provisions of the Crimes Code (Title 18) are to be construed according to the "fair import" of their terms).

When there has been a conviction for possession of a controlled substance with intent to deliver, 18 Pa.C.S. § 7508(a)(3)(ii) requires that a three year minimum sentence of imprisonment and a fine of $15,000 be imposed "when the amount of the *substance* involved is at least ten grams...." (Emphasis added). Appellant contends that the weight of the "substance" should be determined without including the weight of the cutting agent, i.e., that it is the weight of the cocaine rather than the weight of the mixture containing cocaine that is determinative. Such a contention, however, ignores the plain definition that the same statutory provision accords to the term "substance."

In 18 Pa.C.S. § 7508(a)(3), supra, it is expressly stated that the mandatory minimum sentence shall apply "where the controlled *substance is* coca leaves *or* is any ... *preparation* of coca leaves ... *or* is any *mixture* containing any of these substances...." (Emphasis added). The legislature could not have been more clear in expressing that, for purposes of the sentencing statute, a preparation or mixture containing cocaine is to be counted as a "substance." This reflects the legislature's awareness that cocaine is commonly possessed and circulated in a mixture containing cocaine and adulterants which serve as cutting agents. Within the same statutory provision, at subparagraph (3)(ii), supra, reference to the weight of the "substance" must be taken as referring to the same substance, namely the pure cocaine or any preparation or mixture thereof. To conclude otherwise would be to accord the term "substance" two different definitions within the same statutory provision, a result which would be both unreasonable

and unsupported by any language in the statute. See 1 Pa.C.S. § 1922(1) (legislature cannot be presumed to intend an absurd or unreasonable result).

Appellant's contention is essentially that subparagraph (3)(ii) of the statute should be construed as though it used the term "pure cocaine" rather than "substance" in describing the material to be weighed. The language chosen by the legislature, however, is controlling. "Substance" is expressly defined in the statute to include a "preparation" or "mixture." If the legislature had not intended to include preparations and mixtures containing cocaine as substances whose weights could trigger the mandatory sentencing provision, it would have made reference to the weight of the cocaine rather than the weight of the "substance" as the triggering factor for imposition of a mandatory sentence. See *Commonwealth v. Perez*, 397 Pa.Super. 574, 580 A.2d 781 (1990) (weight of the mixture containing cocaine, rather than weight of the pure cocaine contained therein, triggers application of mandatory sentencing under 18 Pa.C.S. § 7508(a)(3)).

Thus, the Superior Court properly held that, based upon the clear and unambiguous language of the statute, the mandatory sentencing provision can be triggered by the weight of a mixture in which cocaine has been combined with a cutting agent. Inasmuch as appellant was found to be in possession of 14.19 grams of such a mixture, he was properly sentenced under the provision in question.

Order affirmed.

ZAPPALA, J., concurs in the result.

CAPPY, J., files a dissenting opinion.

CAPPY, Justice, dissenting.

I respectfully dissent. I cannot agree with the majority that the language of the statute at issue, 18 Pa.C.S. § 7508(a)(3)(ii), is clear and unambiguous. I find the majority's analysis to be quite strained, particularly as the legisla-

ture has, since the commencement of this litigation, amended the statute to correct the very problem at issue.[1]

At the time appellant was sentenced for his conviction of possession of a controlled substance with intent to deliver, the statute providing for mandatory imprisonment read as follows:

(a) General rule.—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply: ...

(3) A person who is convicted of violating section 13(a)(14) or (30) of The Controlled Substance, Drug, Device and Cosmetic Act where *the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine orecgonine* shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection: ...

(ii) upon the first conviction when the amount of the *substance* involved is at least ten grams and less than 100 grams; three years in prison and a fine of $15,000 ... (emphasis added)

Contrary to the view expressed in the majority opinion, Subsection (3), as set forth above, does not include a mixture of cocaine and *any* other matter other than cocaine. Rather, when the term "mixture" is used in this subsection it refers to a "mixture containing any of these substances," namely, as spelled out in the subsection itself: "coca leaves ... or any salt, compound, derivative or preparation of coca leaves or ... any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances...."

In the instant case, the Commonwealth established that the appellant was in possession of a white powder with a total

---

1. Appellant herein was sentenced under 18 Pa.C.S. § 7508(a)(3)(ii) on December 18, 1989. The statute was amended on December 19, 1990, and is now codified at 18 Pa.C.S. § 7508(a)(3)(ii).

weight of 18.77 grams containing cocaine and Manitol. Manitol is not a substance as spelled out in the above definition of "mixture." Thus, I cannot agree with the conclusion of the majority, that the reference to "substance" as clearly delineated in the statute was meant to include a "mixture" of a narcotic and non-narcotic substance, as seized herein.

Nor can I agree with the majority, that by amending the statute to specifically include the term "mixture," the legislature has merely restated that the focus of the statute was always upon the weight of the "mixture" as opposed to the weight of the controlled "substance" for sentencing purposes. Rather, I believe the legislature in amending the statute acknowledged its original omission on this point. "It is a rule of statutory construction that a change in the language of a statute ordinarily indicates a change in legislative intent." *Masland v. Bachman,* 473 Pa. 280, 289, 374 A.2d 517, 521 (1977). I find it more reasonable to conclude that the legislature, in light of the multitude of controversial litigation on this question revised the statute to now include the term "mixture" as such was not within the scope of the original Act.

Further, as the statute in question is penal in nature it must be strictly construed with all liberal interpretations in favor of the defendant. *Commonwealth v. Wooten,* 519 Pa. 45, 545 A.2d 876 (1988). I believe the majority, in its zeal to uphold the statute at issue, is applying the legislative amendment to this penal provision retroactively. I cannot disregard the actual words of the statute, in an attempt to achieve a desired result.

I respectfully dissent.

—— Pa. ——, 613 A.2d 533 (1992).