613 A.2d 533

COMMONWEALTH of Pennsylvania, Appellee,

v.

Israel LISBOY, a/k/a Israel LISBOA, Appellant.

Supreme Court of Pennsylvania.

Argued April 8, 1992.

Decided June 17, 1992.

John A. Ryan, Philadelphia, for appellant Lisboy.

John A. Packel, Chief, Appeals Div., Leonard Sosnov, Philadelphia, for amicus curiae Public Def. Ass'n of Pa. and Def. Ass'n of Philadelphia.

Joseph J. Hylan, Norristown, for amicus curiae Pub. Def. of Montgomery County.

Ronald Eisenberg, Deputy Dist. Atty., Catherine Marshall, Chief, Appeals Div., Deborah Fleisher, Asst. Dist. Atty., for appellee Com.

Before FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

In 1988, in the Court of Common Pleas of Philadelphia, the appellant, Israel Lisboy, was convicted of possession of a controlled substance with intent to deliver. Appellant was sentenced to three to six years imprisonment, and a fine of fifteen thousand dollars was imposed. An appeal was taken to the Superior Court, whereupon the judgment of sentence was affirmed. The present appeal, by allowance, ensued.

The sole issue presented is whether the mandatory sentencing provision in 18 Pa.C.S. § 7508(a)(3), under which the present sentence was imposed, was properly applied. This provision specifies a mandatory minimum sentence in cases where possession of controlled substances has involved quantities exceeding certain statutorily specified minimum weights. The present conviction resulted from appellant having been in possession of 18.77 grams of a mixture of powder containing cocaine. Appellant was sentenced under subparagraph (a)(3)(ii) of the statute, which is applicable where possession has involved a quantity of at least ten grams. Appellant asserts that the weight of the pure cocaine in the mixture, rather than the combined weight of the cocaine and the adulterants such as cutting agents in the mixture, should determine whether the mandatory sentencing provision is applicable. For the reasons stated in the opinion filed this day in *Commonwealth v. Corporan,* —— Pa. ——, 613 A.2d 530 (1992), this assertion is without merit.

Order affirmed.

NIX, C.J., and LARSEN, J., did not participate in the consideration or decision of this case.

ZAPPALA, J., concurs in the result.

CAPPY, J., files a dissenting opinion.

CAPPY, Justice, dissenting.

I respectfully dissent for the reasons set forth in my dissenting opinion in *Commonwealth v. Corporan,* —— Pa. ——, 613 A.2d 530 (1992).