J-S84009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL PUGH, | |
| Appellant | No. 760 EDA 2018 |

Appeal from the PCRA Order Entered February 16, 2018
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):
CP-46-CR-0000014-2015
CP-46-CR-0006243-2014
CP-46-CR-0006482-2014
CP-46-CR-0006887-2014
CP-46-CR-0006889-2014
CP-46-CR-0009421-2014

BEFORE:  BENDER, P.J.E., OTT, J., and FORD ELLIOT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED APRIL 04, 2019**

Appellant, Michael Pugh, appeals *pro se* from the post-conviction court's February 16, 2018 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The facts of Appellant's underlying convictions are not pertinent to his present appeal.  Additionally, while the PCRA court presented a lengthy procedural history of Appellant's case, *see* PCRA Court Opinion, 5/2/18, at 1-4, we need only note the following matters, for purposes of addressing the argument Appellant raises herein.  On March 16, 2016, Appellant pled guilty

in several different cases to five counts of access device fraud and one count of possession of heroin. He received an aggregate sentence of 3 to 6 years' incarceration, followed by 4 years' probation.

Appellant did not file a direct appeal. Instead, he filed a timely, *pro se* PCRA petition in which he alleged, *inter alia*, that his plea counsel had acted ineffectively by not accurately advising him about the sentence he would receive, and that he was not given proper credit for time-served. The PCRA court appointed counsel, and subsequently directed counsel to provide the court with certain documents that were pertinent to resolving Appellant's time-credit issue. When that attorney failed to respond to the court's order, the court appointed new counsel for Appellant, Bonnie-Ann Brill Keagy, Esq. Attorney Keagy ultimately filed a petition to withdraw and 'no-merit' letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Meanwhile, Appellant filed with the court a *pro se* document entitled, "Motion to Amend PCRA - Mental Health." Therein, he claimed that his plea counsel was ineffective for not advising him to plead guilty but mentally ill under 18 Pa.C.S. § 314.[1] On December 19, 2017, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition, and

---

[1] We point out that Attorney Keagy addressed this claim and concluded it was meritless in her **Turner/Finley** letter.

- 2 -

contemporaneously granted Attorney Keagy's petition to withdraw.[2]  Then, on February 16, 2018, the court issued a "Final Order of Dismissal of PCRA Petition."

Appellant filed a timely, *pro se* notice of appeal.[3]  He also filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, although not being ordered to do so by the PCRA court.  On May 5, 2018, the court issued a Rule 1925(a) opinion.  Herein, Appellant states three issues in his "Statement of the Questions Presented" section of his brief, yet only identifies and discusses the following single issue in his "Argument" section:

> The PCRA court erred in denying *pro se* [Appellant's] … motion for a[n] evidentiary hearing, and also [for] not finding trial counsel was ineffective for not advising [Appellant] to plead guilty but mental[ly] ill under [18 Pa.C.S. §] 314(b), and for failing to put the doctor on the witness[] stand to testif[y] to her reports and finding[s] dealing with [Appellant's] mental ill[ness] and history that she prepare[d] for the hearing.

Appellant's Brief at 5.

_____

[2] The court states that Appellant filed a *pro se* response to the Rule 907 notice, but the docket contains no entry for that filing, and it is not contained in the certified record.

[3] We note that Appellant filed a single notice of appeal from the court's order, which resolved issues pertaining to multiple cases.  In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court held that "**in future cases** [Pa.R.A.P.] 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one docket, separate notice of appeal must be filed.  The failure to do so will result in quashal of the appeal."  **Id.** at 977 (footnote omitted; emphasis added).  **Walker** was filed on June 1, 2018, after Appellant filed had his *pro se* notice of appeal.  Therefore, **Walker** does not require us to quash.

- 3 -

We begin by recognizing that, "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)).  Additionally,

> [t]he legal standard applicable to ineffective assistance of counsel claims is well settled[:]
>
> > To prevail on a claim that counsel was constitutionally ineffective, the appellant must overcome the presumption of competence by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.
>
> ***
>
> Claims of ineffectiveness of counsel that are raised in the context of a guilty plea may provide a basis for relief only if counsel's ineffectiveness caused an involuntary or unknowing plea.  This is similar to the "manifest injustice" standard applicable to all post-sentence attempts to withdraw a guilty plea.

*Commonwealth v. Watson*, 835 A.2d 786, 795–96 (Pa. Super. 2003) (internal citations and some quotation marks omitted).

In this case, Appellant contends that the PCRA court erred by denying his claim that his plea counsel was ineffective for failing to advise Appellant to plead guilty but mentally ill under 18 Pa.C.S. § 314.  That statute reads:

**§ 314. Guilty but mentally ill**

- 4 -

**(a) General rule.**—A person who timely offers a defense of insanity in accordance with the Rules of Criminal Procedure may be found "guilty but mentally ill" at trial if the trier of facts finds, beyond a reasonable doubt, that the person is guilty of an offense, was mentally ill at the time of the commission of the offense and was not legally insane at the time of the commission of the offense.

**(b) Plea of guilty but mentally ill.**—A person who waives his right to trial may plead guilty but mentally ill. No plea of guilty but mentally ill may be accepted by the trial judge until he has examined all reports prepared pursuant to the Rules of Criminal Procedure, has held a hearing on the sole issue of the defendant's mental illness at which either party may present evidence and is satisfied that the defendant was mentally ill at the time of the offense to which the plea is entered. If the trial judge refuses to accept a plea of guilty but mentally ill, the defendant shall be permitted to withdraw his plea. A defendant whose plea is not accepted by the court shall be entitled to a jury trial, except that if a defendant subsequently waives his right to a jury trial, the judge who presided at the hearing on mental illness shall not preside at the trial.

**(c) Definitions.**—For the purposes of this section and 42 Pa.C.S. § 9727 (relating to disposition of persons found guilty but mentally ill):

(1) "*Mentally ill*." One who as a result of mental disease or defect, lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law.

(2) "*Legal insanity*." At the time of the commission of the act, the defendant was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing or, if he did know it, that he did not know he was doing what was wrong.

18 Pa.C.S. § 314.

Here, in rejecting Appellant's ineffectiveness claim, the PCRA court explained:

> [Appellant] claims in his remaining issues that his [plea] counsel was ineffective for failing to advise him to plead guilty but mentally ill.
>
> [Appellant] cites to **Commonwealth v. Andrews**, 158 A.3d 1260 (Pa. Super. 2017). In **Andrews**, the Superior Court held that the PCRA court erred in dismissing the PCRA petition on the basis that the petitioner was required to assert an insanity defense if he wished to enter a plea of guilty but mentally ill. **See** 18 Pa.C.S.[] § 314.
>
> We do not believe that **Andrews** is on point with the instant files. [Appellant] has not alleged that he was legally insane at the time these crimes were committed. [Appellant] has failed to explain how the disposition of these cases would have differed had [Appellant] entered a plea of guilty but mentally ill rather than the general guilty pleas that he entered.

Final Order of Dismissal of PCRA Petition, 2/16/18, at 1-2.

Appellant contends that the PCRA court misconstrued **Andrews**. According to Appellant, the **Andrews** panel held "that a defendant **need not** assert an insanity defense before entering a plea of guilty but mentally ill." Appellant's Brief at 8 (emphasis added). Appellant's reading of **Andrews** is correct. There, Andrews had filed a PCRA petition asserting that his trial counsel was ineffective for not advising him to plead guilty but mentally ill under 18 Pa.C.S. § 314(b). **Andrews**, 158 A.3d at 1264. Rather than entering such a plea, Andrews had instead proceeded to trial. In regard to prejudice, Andrews "contended that had he entered a plea of guilty but mentally ill (rather than unsuccessfully pleading not guilty and going to trial on a diminished capacity defense), he would have been entitled to psychiatric treatment while serving his life sentence after conviction." **Id.** at 1262.

The PCRA court denied Andrews' petition without a hearing, reasoning that Andrews "was not entitled to plead guilty but mentally ill because he did not present an insanity defense at trial." *Id.* at 1263. On appeal, we rejected the court's conclusion, clarifying that,

> Section 314(b) does not condition the ability to plead guilty but mentally ill on the assertion of an insanity defense. Indeed, any such condition would make no sense. An insanity **defense** requires a plea of **not guilty**. Here, [Andrews] argues that he should have been advised to plead **guilty** but mentally ill. "A plea of guilty constitutes a waiver of all non[-]jurisdictional defects and defenses" and "waives the right to challenge anything but the legality of [the] sentence and the validity of [the] plea." **Commonwealth v. Jones**, 593 Pa. 295, 929 A.2d 205, 212 (2007) (citation omitted). Thus, if a defendant pleads guilty but mentally ill and the court accepts that plea, the defendant waives the defense of insanity. There thus would be no reason for a defendant to invoke the defense of insanity before entering a plea of guilty but mentally ill.

*Id.* at 1265 (emphasis in original). Consequently, the **Andrews** panel concluded that "the PCRA court erred by dismissing [Andrews'] claim on the ground that he did not assert such a defense." *Id.*

In the case *sub judice*, the PCRA court explicitly denied Appellant's ineffectiveness claim on the basis that he did "not allege[] that he was **legally insane** at the time these crimes were committed." Final Order of Dismissal of PCRA Petition at 2 (emphasis added). However, as **Andrews** makes clear, section 314(b) does not require the defendant to assert a legal-insanity defense before pleading guilty but mentally ill. Accordingly, in this respect, the PCRA court erred.

However, the PCRA court also denied Appellant's petition because Appellant had not demonstrated that he was prejudiced by entering a guilty plea, rather than a plea of guilty but mentally ill. After closely examining the record in this case, we are constrained to agree. In Appellant's *pro se* "Motion to Amend PCRA - Mental Health," in which he asserted this ineffectiveness claim,[4] Appellant did not contend, as did the petitioner in **Andrews**, that he was denied the psychiatric treatment to which a plea of guilty but mentally ill would have entitled him. Indeed, Appellant actually stressed that he *is* getting treatment in prison, declaring that he "is at a mental health prison were [*sic*] he has been for the last few years. He is placed on a mental health block, and is taking medication where he is placed as a D-Code inmate." Motion to Amend PCRA - Mental Health, 11/21/17, at 2 (unnumbered).

Additionally, in Appellant's brief to this Court, he again fails to present any claim that he was prejudiced because he is being denied treatment that he would have received had he entered a plea under section 314(b). Rather, Appellant argues that, had he pled guilty but mentally ill, he would have "been treat[e]d differently under the color of law[,] … put in a mental hospital for treatment[,] … [o]r given probation or trea[t]ment" rather than a sentence of incarceration. Appellant's Brief at 9.

_____

[4] We acknowledge that Appellant was represented at the time he filed this *pro se* motion, thereby implicating hybrid-representation concerns. **See Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993) ("[T]here is no constitutional right to hybrid representation either at trial or on appeal."). However, the court seemingly accepted it as an amendment to Appellant's petition, and we will not disturb that decision on appeal.

Appellant's arguments are unconvincing. Relying on Pennsylvania Supreme Court cases, the Commonwealth Court has explained:

The "guilt" of "guilty but mentally ill" is the same as that of a traditional guilty verdict or plea. The guilty but mentally ill statute has "no impact on the adjudicative process" or the burdens of proof placed upon the parties. [*Commonwealth v.*] *Sohmer*, … 546 A.2d [601,] 607 [(Pa. 1988)]. Further, a guilty but mentally ill determination does not negate the criminal intent of the defendant, and instead "expressly recognizes that all elements of the crime have been met." *Commonwealth v. Santiago*, … 855 A.2d 682, 701 ([Pa.] 2004); *Sohmer*, … 546 A.2d at 606.

Nor is the duration of the sentence affected by a determination of guilty but mentally ill: a guilty but mentally ill defendant "may have any sentence imposed on him which may lawfully be imposed on any defendant convicted of the same offense," 42 Pa.C.S. § 9727(a), and is entitled to no reduction in the term as a result of the finding of mental illness. *Santiago*, … 855 A.2d at 701. Likewise, a defendant found guilty but mentally ill cannot evade a mandatory minimum sentence. *Commonwealth v. Larkin*, … 542 A.2d 1324, 1328 ([Pa.] 1988). The only distinction between guilty but mentally ill and guilty at sentencing is that the judge is required to "hear testimony and make a finding on the issue of whether the defendant at the time of sentencing is severely mentally disabled and in need of treatment." 42 Pa.C.S. § 9727(a). Mental health treatment is then provided in accordance with available resources. 42 Pa.C.S. § 9727(b). Prerelease, parole and probation for guilty but mentally ill offenders are also administered in accordance with the laws and regulations applicable to other offenders, except mental health treatment may be required as a condition of an offender's change of status. 42 Pa.C.S. § 9727(d)-(f).

*Miskovitch v. Pennsylvania Bd. of Prob. & Parole*, 77 A.3d 66, 71–72 (Pa. Cmwlth. 2013).

In light of the record before us and law we have discussed *supra*, we discern no error in the PCRA court's conclusion that Appellant failed to demonstrate that he was prejudiced by pleading guilty, rather than guilty but

mentally ill. Accordingly, on that basis, we affirm the PCRA court's order denying his petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/4/19