507 A.2d 1263

**COMMONWEALTH of Pennsylvania**

v.

**Antonio MICHAEL, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 4, 1986.

Filed April 28, 1986.

346

Keith Williams, Assistant Public Defender, Doylestown, for appellant.

Michael J. Kane, District Attorney, Doylestown, for Commonwealth, appellee.

Before WICKERSHAM, McEWEN and JOHNSON, JJ.

McEWEN, Judge:

This is an appeal from a judgment of sentence of from five years to ten years imprisonment imposed by the distinguished Judge Kenneth G. Biehn after appellant pleaded guilty but mentally ill, pursuant to 18 Pa.C.S. § 314, to charges of robbery, receiving stolen property, simple assault, and related offenses. We affirm.

The occurrence is described in the brief of appellant as follows:

On September 28, 1984 the appellant took a car belonging to Linda Mallory of Bensalem Township, Bucks County, Pennsylvania. During the robbery the appellant held a handgun on Ms. Mallory. The appellant was apprehended shortly thereafter in Northeast Philadelphia.

At the sentencing hearing on May 30, 1985, the Commonwealth and appellant joined in a stipulation that Antonio Michael was guilty but mentally ill. A psychiatric report was incorporated into the record. The appellant was thereupon sentenced to a term of imprisonment of from five years to ten years to be served at the Philadelphia State Hospital. Thereafter, appellant timely filed a motion for reconsideration of sentence alleging (1) that the sentence was unreasonable, (2) that Section 9712 of the Sentencing Code, 42 Pa.C.S. § 9712, was unconstitutional, and (3) that Section 9712 was improperly applied following a verdict of guilty but mentally ill. Appellant's motion for reconsideration was denied. This appeal timely followed the denial by the sentencing court of the motion for reconsideration of sentence.

Appellant presents two issues for our consideration, namely:

A. Did the sentencing court improperly apply the Mandatory Sentencing Act, 42 Pa.C.S. § 9712, because it is unconstitutional?

B. Did the sentencing court improperly apply the Mandatory Sentencing Act, 42 Pa.C.S. § 9712, following a verdict of guilty but mentally ill?

■ Appellant first asserts that 42 Pa.C.S. § 9712, the Mandatory Sentencing Act, is unconstitutional in that the statute: (1) violates due process by failing to require pretrial notice of its applicability; (2) permits proof of visible possession of a firearm by a preponderance of the evidence, rather than beyond a reasonable doubt, in violation of due process; (3) denies a defendant the right to a jury trial since the statute provides that it is the court which determines whether the Commonwealth has established the requisite facts for finding that the mandatory sentence must be imposed; (4) violates the federal constitutional doctrines of separation of powers and due process of law by vesting the Commonwealth with "unbridled discretion" to determine when the mandatory sentencing provisions will apply to a convicted defendant; and (5) violates Article 5, Section 10(c) of the Pennsylvania Constitution and the separation of powers doctrine by dictating the burden of proof at the sentencing hearing and the manner in which the evidence must be considered.

The first three arguments as well as the final challenge to the constitutionality of Section 9712 of the Judicial Code, 42 Pa.C.S. § 9712, have been carefully addressed and prudently rejected in the opinion of the eminent Chief Justice Robert N.C. Nix, Jr. in *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985), *cert. granted sub nom McMillan v. Pennsylvania*, —— U.S. ——, 106 S.Ct. 58, 88 L.Ed.2d 47 (1985) (proof of visible possession by a preponderance of the evidence satisfies the requirements of due process; separation of powers is not violated by Section 9712's limitation on the Court's discretion in sentencing, since such discretion is not innate power of the judiciary but is derived entirely from statute). *See also Commonwealth v. Anderson*, 345 Pa.Super. 407, 498 A.2d 887 (1985), (notice after conviction but before sentencing of Commonwealth's intention to proceed under Section 9712 satisfies due process; Section 9712

does not improperly deny the right to have a jury make relevant factual determinations); *Commonwealth v. Bannister,* 345 Pa.Super. 178, 497 A.2d 1362 (1985). We must, therefore, dismiss these assertions as meritless.

■ We likewise reject the further attack on the constitutionality of the act based upon the assertion that it violates the federal constitutional doctrines of separation of powers and due process of law by allegedly vesting the prosecutor with unbridled discretion to determine when the mandatory sentencing provisions will apply. Our eminent colleague, Judge William F. Cercone, has so ably discussed and rejected this argument in *Commonwealth v. Cofoni,* 349 Pa.Super. 407, 503 A.2d 431 (1986), that we need offer no further comment on this issue.

Finally, appellant contends that the Mandatory Sentencing Act, 42 Pa.C.S. § 9712, was improperly applied by the sentencing court to a conviction resulting from a plea of guilty but mentally ill entered pursuant to 18 Pa.C.S. § 314. We disagree. The sentencing provisions applicable to persons found guilty but mentally ill are found in Section 9727 of the Judicial Code which provides in relevant part:

> (a) Imposition of Sentence—A defendant found guilty but mentally ill or whose plea of guilty but mentally ill is accepted under the provisions of 18 Pa.C.S. § 314 (relating to guilty but mentally ill) *may* have any sentence imposed on him which *may* lawfully be imposed on any defendant convicted of the same offenses. Before imposing sentence, the court shall hear testimony and make a finding on the issue of whether the defendant at the time of sentencing is severely mentally disabled and in need of treatment pursuant to the provisions of the Act of July 9, 1976 (P.L. 817, No. 143) known as "Mental Health Procedures Act."

42 Pa.C.S. § 9727 (emphasis provided).

■ Appellant contends that the use of the word "may" in the statutory provision is an expression of the legislative intent to grant a discretion to the sentencing authorities

that supercedes the mandatory provision of Section 9712. We disagree. Section 9727 unambiguously provides that a defendant whose plea of guilty but mentally ill is accepted under the provisions of 18 Pa.C.S. § 314 is subject to any sentence which may be lawfully imposed upon any defendant convicted of the same offense. Pursuant to Section 9712, any defendant convicted of robbery while in visible possession of a firearm is subject to the mandatory sentencing provision of that section. Since an individual convicted of robbery while in visible possession of a firearm would be subject to the mandatory sentence provisions of Section 9712, so too is an individual whose plea of guilty but mentally ill to the same offense is accepted under the provisions of 18 Pa.C.S. § 314. The provisions of Section 9712(c) leave no room for discretion, and there is no authority for the sentencing court to impose a lesser sentence than the Act provides. Where an individual is convicted of the offense of robbery and is found to have visibly possessed a firearm, he may only be lawfully sentenced to a term of imprisonment of not less than five years. Hence, pursuant to Section 9727, where an individual enters a plea of guilty but mentally ill to the same offense, the same sentencing mandate would apply. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.