555 A.2d 1347

**COMMONWEALTH of Pennsylvania**

**v.**

**Bernard Francis SEMATIS, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 11, 1989.

Filed March 30, 1989.

David Ferleger, Philadelphia, for appellant.

Nicholas J. Casenta, Jr., Assistant District Attorney, Downingtown, for Com., appellee.

Before WIEAND, MELINSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for kidnapping while in visible possession of a firearm. Appellant contends that (1) the imposition of the statutorily required five to ten years incarceration [1] constitutes cruel and unusual punishment in light of his unique circumstances, (2) in the alternative, if the mandatory sentencing Act is constitutional, "total confinement" should be construed to include involuntary mental health treatment, and (3) the trial court erred in failing to order implementation of such a mental health treatment plan. For the reasons that follow, we affirm the order below.

On October 21, 1987, appellant pled guilty but mentally ill [2] to kidnapping, 18 Pa.C.S.A. § 2901(a)(1). At the hearing, appellant admitted to holding a hostage for six and one-half hours while in visible possession of a firearm. On February 1, 1988, appellant was sentenced to a term of imprisonment of not less than five years nor more than ten years plus the cost of prosecution for kidnapping. Appellant filed a motion to modify or vacate the sentence which was denied on March 1, 1988. This timely appeal followed.

■ Appellant initially contends that the mandatory sentencing statute, which provides for a minimum term of

1. *See* Mandatory Sentencing Act, 42 Pa.C.S.A. § 9712(a).
2. *See* 18 Pa.C.S.A. § 314(b).

imprisonment of five years where a crime is committed by someone in possession of a firearm, is unconstitutional when applied to an individual who enters a plea of guilty but mentally ill. Appellant notes that he has no prior criminal record, he has the support of his family, and he is mentally ill. He argues that the legislature could not have intended that the mandatory five year sentence should apply to a person in these circumstances. We disagree.

The Mandatory Sentencing Act provides in relevant part:

(a) **Mandatory sentence.**—Any person who is convicted in any court in this Commonwealth of . . . kidnapping, . . . shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

. . . . .

(c) **Authority of court in sentencing.**—There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. . . .

42 Pa.C.S.A. § 9712(a) & (c). The Guilty But Mentally Ill statute provides in relevant part:

(a) **Imposition of sentence.**—A defendant found guilty but mentally ill or whose plea of guilty but mentally ill is accepted under the provisions of 18 Pa.C.S.A. § 314 (relating to guilty but mentally ill) may have any sentence imposed on him which may lawfully be imposed on any defendant convicted of the same offense.

42 Pa.C.S.A. § 9727.

In *Commonwealth v. Michael,* 352 Pa.Super. 345, 507 A.2d 1263 (1986), we held that the mandatory sentencing statute applies to individuals who enter a plea of guilty but mentally ill.

Section 9727 unambiguously provides that a defendant whose plea of guilty but mentally ill is accepted under the provisions of 18 Pa.C.S.A. § 314 is subject to any sen-

tence which may be lawfully imposed upon any defendant convicted of the same offense.... Since an individual convicted of robbery while in visible possession of a firearm would be subject to the mandatory sentence provisions of Section 9712, so too is an individual whose plea of guilty but mentally ill to the same offense is accepted under the provisions of 18 Pa.C.S.A. § 314. The provisions of Section 9712(c) leave no room for discretion, and there is no authority for the sentencing court to impose a lesser sentence than the Act provides. Where an individual is convicted of the offense of robbery and is found to have visibly possessed a firearm, he may only be lawfully sentenced to a term of imprisonment of not less than five years. Hence, pursuant to Section 9727, where an individual enters a plea of guilty but mentally ill to the same offense, the same sentencing mandate would apply.

*Id.*, 352 Pa.Superior Ct. at 350, 507 A.2d at 1265. Our Supreme Court has adopted the reasoning in *Michael*, and held that the fact that a defendant pled guilty but mentally ill did not authorize a deviation from the mandatory minimum sentence required by 42 Pa.C.S.A. § 9712. *See Commonwealth v. Larkin*, 518 Pa. 225, 542 A.2d 1324 (1988). In light of the Supreme Court holding in *Larkin*, and our holding in *Michael*, appellant's first argument must fail.

■ Appellant contends, in the alternative, that the phrase "total confinement" as used in the statute does not necessarily mean confinement in a correctional institution. Thus, appellant claims that the lower court erred in not imposing a sentence of "total confinement" consisting of involuntary mental health treatment when it found that appellant was in need of such treatment. We disagree. The Sentencing Code mandates that:

All persons sentenced to total or partial confinement for:
(1) maximum terms of five or more years shall be committed to the Bureau of Correction for confinement;

42 Pa.C.S.A. § 9762(1). We cannot disregard the plain words of a statute when the language is free and clear from all ambiguities. 1 Pa.C.S.A. § 1921(b); *see also Erie–West-*

*ern Pennsylvania Port Authority v. Rugare,* 29 Pa.Comm.
83, 370 A.2d 768 (1977). Here, appellant pled guilty to
kidnapping while in possession of a firearm and was sen-
tenced to a mandatory minimum of five years incarceration.
The trial court therefore had no choice but to commit
appellant to the Bureau of Corrections as is required by
§ 9762(1).

■ Appellant finally contends that the trial court erred
in failing to order implementation of a mental health treat-
ment plan pursuant to § 9727. Because we already have
held that the trial court had no choice but to commit
appellant to the Bureau of Corrections, this derivative claim
necessarily must fail. We recognize, of course, that the
trial court, before imposing sentence, found that appellant
was in need of treatment for mental illness. Because
appellant was committed to the custody of the Bureau of
Corrections, however, it becomes the Bureau's responsibili-
ty and not the trial court's to formulate a treatment pro-
gram in accordance with § 9727. Moreover, we note that
the legislature has vested the Bureau of Corrections with
the authority to devise such a program. Thus, § 9727(b)
provides:

> (1) An offender who is severely mentally disabled and
> in need of treatment at the time of sentencing shall,
> consistent with available resources, be provided treat-
> ment as is psychiatrically or psychologically indicated for
> his mental illness. Treatment may be provided by the
> Bureau of Correction, by the county or by the Depart-
> ment of Public Welfare in accordance with the "Mental
> Health Procedures Act."
>
> (2) The cost of treatment of offenders found guilty but
> mentally ill, committed to the custody of the Bureau of
> Correction and transferred to a mental health facility,
> shall be borne by the Commonwealth.

*Id.* at § 9727(b).

Accordingly, for the foregoing reasons, we affirm the
judgment of sentence.

Affirmed.