COMMONWEALTH of Pennsylvania, Appellant

v.

Keith STEVENSON, Appellee.

Superior Court of Pennsylvania.

Argued March 2, 2004.

Filed May 26, 2004.

Sally K. Kaye, Assistant District Attorney and Michael W. Steily, Deputy District Attorney, Pittsburgh, for Commonwealth, appellant.

Carole M. Owen, Pittsburgh, for appellee.

Before: DEL SOLE, P.J., FORD ELLIOTT, STEVENS, ORIE MELVIN, LALLY–GREEN, TODD, GANTMAN, McCAFFERY, and PANELLA, JJ.

OPINION BY LALLY–GREEN, J.

¶ 1 The Commonwealth challenges the judgment of sentence imposed on Appellee, Keith Stevenson, following Stevenson's guilty plea to third-degree murder and aggravated assault. The sentence included a five-year mandatory minimum sentence of "total confinement" for offenses committed with a firearm. 42 Pa.C.S.A. § 9712. The court also granted Stevenson credit for all time served, including time spent on house arrest in a home electronic monitoring program.

¶ 2 The Commonwealth argues that the trial court imposed an illegal sentence when it granted credit for time served on house arrest, because such a sentence ultimately does not result in five years of "total confinement." We conclude that since the statutory term "total confinement" means imprisonment, no credit is to be given for time spent in a home monitoring program. Thus, we vacate the judgment of sentence and remand for resentencing.

¶ 3 The stipulation of facts to which all parties agreed is as follows:

AND NOW, comes the Commonwealth of Pennsylvania, by its Attorneys, STEPHEN A. ZAPPALA, JR., District Attorney of Allegheny County, Pennsylvania, and CHRISTOPHER H. CONNORS, Deputy District Attorney, and MELISSA OWEN, Esquire, counsel for the defendant, and respectfully agree to [the] following stipulation of facts for purposes of appeal:

1. That on July 18, 1996, [Stevenson] in the above-captioned case was arrested and charged with Criminal Homicide and Aggravated Assault;

2. That on December 16, 1997 [Stevenson] was convicted by jury trial of Third Degree Murder and Aggravated Assault;

3. That the Commonwealth subsequently filed notice of intent to seek a 5–year mandatory sentence under the sentencing provisions of 42 Pa.C.S. Section 9712 and a 10–year mandatory sentence under the sentencing provisions of 42 Pa.C.S. Section 9714;

4. That, on April 2, 1998, the Honorable David R. Cashman sentenced [Stevenson] to a total sentence of 10—20 years and [Stevenson] was subsequently transferred to a state correctional institution;

5. That on August 25, 2000, after an evidentiary hearing, the Honorable David R. Cashman granted a new trial for [Stevenson] and granted [Stevenson] a nominal bond with the condition that he be released on house arrest with

electronic monitoring pending his new trial;

6. That [Stevenson] was in custody at either Shuman Center, the Allegheny County jail or the State Correctional Institution during the time period from July 18, 1996 to October 4, 2000;

7. That from October 5, 2000 until the present time, [Stevenson] has been released on nominal bond and subject to house arrest;

8. That the conditions of the defendant's house arrest were as follows:

- That [Stevenson] wear an ankle bracelet;
- That [Stevenson's] house arrest be served at his mother's house;
- That [Stevenson] be required to remain in the house 24 hours a day, seven days a week unless an outing is approved by the supervising probation officer;
- That [Stevenson's] urine be regularly screened for drug and alcohol usage;
- That [Stevenson] is not necessarily removed from house arrest if he screens positive for alcohol.

9. That further conditions of the house arrest are as outlined in the attached Appendix A, which is a copy of the form that [Stevenson] is required to sign when admitted into the house arrest program;

10. That on July 17, 2001, [Stevenson] entered a guilty plea to Third Degree Murder and Aggravated Assault;

11. That the Commonwealth subsequently filed notice of intent to seek a 5 year mandatory sentence under the sentencing provisions of 42 Pa.C.S. Section 9712;

12. That on October 22, 2001, the Honorable David R. Cashman sentenced [Stevenson] to a mandatory term of 5—10 years and gave [Stevenson] credit for all time served, including the time spent on house arrest;

13. That on October 22, 2001 [Stevenson's] nominal bond was continued pending appeal with the condition that [Stevenson] remain on house arrest as described above.

WHEREFORE, the Commonwealth and [Stevenson] agree to stipulate to the above facts for purposes of appeal and request that this Honorable Court make them part of the record in the above-captioned case.

Stipulation of Facts, 10/22/2001, at 1–3. This appeal followed.[1]

¶ 4 The Commonwealth raises one issue on appeal:

I. Whether the trial court incorrectly applied the law in granting Stevenson credit for time served in house arrest when the mandatory statute that applied in this case called for "total confinement"?

Commonwealth's Brief at 4.

¶ 5 The Commonwealth argues that the court effectively eviscerated the "total confinement" aspect of the mandatory minimum sentence by granting credit for time served on house arrest. This challenge implicates the legality of the sentence. See, Commonwealth v. Bradley, 575 Pa. 141, 834 A.2d 1127, 1131 (2003); Commonwealth v. Edrington, 780 A.2d 721, 723 (Pa.Super.2001) (failure to impose a mandatory minimum sentence implicates the legality of the sentence); cf., Commonwealth v. Tout–Puissant, 823 A.2d 186, 188 (Pa.Super.2003) (failure to grant credit for time served implicates the legality of the

---

1. The Commonwealth complied with the trial court's order to file a Concise Statement of Matters Complained of on Appeal under Pa. R.A.P.1925.

sentence). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Commonwealth v. Kinney*, 777 A.2d 492, 494 (Pa.Super.2001). In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law. *Bradley*, 834 A.2d at 1131 n. 2.

¶ 6 The sole issue for our determination is whether a defendant can receive any credit for time served in an electronic home monitoring program under 42 Pa. C.S.A. § 9760 against a mandatory minimum sentence imposed under 42 Pa.C.S.A. § 9712. Section 9760 addresses credit for time served and provides:

§ 9760. Credit for time served

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760.

¶ 7 Section 9712 governs mandatory sentences for crimes committed with a firearm and provides in pertinent part:

§ 9712. Sentences for offenses committed with firearms:

(a) Mandatory sentence.—Except as provided under section 9716 (relating to two or more mandatory minimum sentences applicable), any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary. Such persons shall not be eligible for parole, probation, work release or furlough.

. . . .

(c) Authority of court in sentencing.— There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

42 Pa.C.S.A. § 9712(a), (c) (emphasis added).

¶ 8 As the above reflects, Section 9760 provides for credit for time served "against the maximum term and any minimum term … for all time spent in custody." On the other hand, Section 9712 provides for a mandatory sentence of "at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary."

¶ 9 The term "total confinement" is not explicitly defined within the Sentencing Code. In *Commonwealth v. Sematis*, 382

Pa.Super. 569, 555 A.2d 1347 (1989), however, this Court held that "total confinement" means confinement in a correctional institution. In *Sematis,* the defendant pled guilty but mentally ill to kidnapping while in visible possession of a firearm. The defendant argued that the trial court should have the discretion to sentence him to involuntary mental health treatment. This Court disagreed, and reasoned as follows:

> The Sentencing Code mandates that:
>
> All persons sentenced to total or partial confinement for:
>
>> (1) maximum terms of five or more years shall be committed to the Bureau of Correction for confinement;
>
> 42 Pa.C.S.A. § 9762(1). We cannot disregard the plain words of a statute when the language is free and clear from all ambiguities. 1 Pa.C.S.A. § 1921(b); *see also Erie–Western Pennsylvania Port Authority v. Rugare,* 29 Pa.Cmwlth. 83, 370 A.2d 768 (1977). Here, appellant pled guilty to kidnapping while in possession of a firearm and was sentenced to a mandatory minimum of five years incarceration. The trial court therefore had no choice but to commit appellant to the Bureau of Corrections as is required by § 9762(1).

*Id.* at 1349; *see also, Commonwealth v. Larkin,* 518 Pa. 225, 542 A.2d 1324 (1988) (where the defendant commits a crime while visibly possessing a firearm under § 9712, mandatory minimum sentence of five years' imprisonment applies even if the defendant is found guilty but mentally ill); *Bradley,* 834 A.2d at 1131 (equating "total confinement" with "imprisonment" for purposes of the "three strikes" provision of 42 Pa.C.S.A. § 9714). We also note that under 42 Pa.C.S.A. § 9756, when imposing a sentence of total confinement, the court shall specify "whether the sentence shall commence in a correctional or other appropriate institution."

¶ 10 Our courts have not held, nor is it logical to conclude, that home electronic monitoring constitutes confinement in an "institution." Indeed, our Supreme Court has held to the contrary. In *Commonwealth v. Kriston,* 527 Pa. 90, 588 A.2d 898 (1991), our Supreme Court rejected the argument that a defendant is generally entitled to credit for time served in a home electronic monitoring program against a mandatory minimum sentence of imprisonment. After discussing the ways in which home programs differ significantly from imprisonment in an institutional setting, the Court concluded that "a mandatory sentence of imprisonment is to be carried out through actual imprisonment in an institutional setting rather than through lesser means." *Id.* at 900. Thus, home electronic monitoring is not "total confinement"; rather, it is one form of intermediate punishment. 42 Pa.C.S.A. § 9763(b)(16), (17). Intermediate punishment is an alternative to total confinement. 42 Pa.C.S.A. § 9721(a); *Commonwealth v. Wegley,* 574 Pa. 190, 829 A.2d 1148, 1149 n. 1 (2003). For all of these reasons, we readily conclude that "total confinement" under § 9712 means imprisonment.

¶ 11 Our Supreme Court has held that credit for time served in a home electronic monitoring program may not be granted against a mandatory minimum sentence of imprisonment, absent equitable considerations which are not present in the instant case. *Kriston; see also, Commonwealth v. Koskey,* 571 Pa. 241, 812 A.2d 509, 514 (2002) (imprisonment and intermediate punishment are "mutually exclusive"). Thus, we conclude that the trial court committed an error of law when it granted credit for time served on house arrest in a home electronic monitoring program. In doing so, the court effectively reduced the

period of imprisonment to a period of time which is less than five years.

¶ 12 In granting credit, the trial court relied on our Supreme Court's plurality opinion in *Commonwealth v. Chiappini*, 566 Pa. 507, 782 A.2d 490 (2001). Reliance on *Chiappini* is misplaced. In that case, the Court addressed the question of whether time spent in a home electronic monitoring program constituted "custody" for purposes of § 9760 (relating to credit for time served in "custody").[2] The Opinion Announcing the Judgment of the Court noted that "custody" was a broader term than "imprisonment," and that "custody" encompasses forms of detention that are less restrictive than imprisonment. *Id.* at 500 ("imprisonment is but one form of custody.") Importantly, the defendant in *Chiappini* was not sentenced to a mandatory minimum sentence of "total confinement." Thus, even assuming *arguendo* that Stevenson is in "custody" while in the home electronic monitoring program,[3] this would not answer the question of whether he is entitled to credit for this custody against a mandatory minimum sentence of "total confinement." For the reasons set forth above, we conclude that Stevenson is not entitled to such credit.

¶ 13 Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

---

**2.** *See also, Commonwealth v. Vanskiver,* 819 A.2d 69 (Pa.Super.2003) (*en banc* ) (adopting the Opinion Announcing the Judgment of the Court in *Chiappini* that the issue of whether home electronic monitoring should be considered "custody" must be analyzed on a case-by-case basis).

**3.** Our review of the record reflects that Stevenson spent approximately four years and four months in jail before being placed on home electronic monitoring. *See,* Stipulation of Facts, 10/22/2001, at ¶ 6. Stevenson has been subjected to home electronic monitoring since October 2000, and he remains in that capacity pending the instant appeal. During this period, Stevenson has been confined to his mother's residence for 24 hours a day, seven days a week.