J-S49021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF |
|---|---|
| Appellee | PENNSYLVANIA |
| v. | |
| SHACHAEL WALLACE, | |
| Appellant | No. 2089 MDA 2014 |

Appeal from the Judgment of Sentence entered September 29, 2014,
in the Court of Common Pleas of Luzerne County,
Criminal Division, at No(s): CP-40-CR-0000657-2014

BEFORE:  BENDER, P.J.E., ALLEN, and OLSON, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED AUGUST 28, 2015**

Shachael Wallace ("Appellant") appeals from the judgment of sentence imposed after he pled guilty to one count of possession of a firearm.[1] Appellant's appointed counsel seeks to withdraw, citing ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).  We affirm the judgment of sentence and grant counsel's petition to withdraw.

The pertinent facts and procedural history are as follows:  On January 14, 2014, Officer Paul Crawford of the Wilkes-Barre Police Department observed a tan Honda vehicle traveling on Coal Street change lanes without using a turn signal, and then turn south onto Sherman Street, again without

_____

[1] 18 Pa.C.S.A. § 6105.

using a turn signal. Affidavit of Probable Cause, 1/14/14. The officer effected a traffic stop, and observed four individuals in the vehicle, including Appellant, who was sitting in the front passenger seat. *Id*. Officer Crawford asked the occupants of the vehicle for identification but Appellant was unable to provide any, though he did provide his name to the officer. *Id*. Officer Crawford informed Appellant that he was the subject of an official investigation, and ordered Appellant to exit the vehicle, before conducting a *Terry* frisk. *Id*. Because it was raining, the officer offered to give Appellant a sweatshirt that was located on the passenger seat floor, and upon retrieving the sweatshirt, the officer observed a handgun beneath the passenger seat. *Id.* Appellant was arrested and charged with possession of a firearm by a prohibited person, and carrying a firearm without a license.

On August 1, 2014, Appellant pled guilty to possession of a firearm, and the Commonwealth withdrew the other charge. Following a hearing on September 29, 2014, the trial court sentenced Appellant to fifteen to thirty months of imprisonment. Appellant filed a post-sentence motion on October 9, 2014, which the trial court denied on November 4, 2014. This appeal followed. On December 5, 2014, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. On December 31, 2014, Appellant's counsel filed a statement of intent to file an *Anders/McClendon* brief in lieu of a statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(c).

Appellant presents two issues for our review:

1. Whether the trial court lacked statutory authority for the sentence imposed?

2. Whether the sentence of a minimum 15 months to a maximum 30 months incarceration imposed by the trial court was harsh and excessive?

*Anders* Brief at 1-2.

Appellant's counsel has filed a brief pursuant to *Anders* and its Pennsylvania counterpart, *McClendon*. *See Anders*, 386 U.S. 738; *McClendon*, 434 A.2d at 1187. Where an *Anders/McClendon* brief has been presented, our standard of review requires counsel seeking permission to withdraw pursuant to *Anders* to: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention. *Commonwealth v. McBride*, 957 A.2d 752, 756 (Pa. Super. 2008). Counsel is required to submit to this Court "a copy of any letter used by counsel to advise the appellant of the rights associated with the *Anders* process." *Commonwealth v. Woods*, 939 A.2d 896, 900 (Pa. Super. 2007). Pursuant to *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009), appellant's counsel must state in the *Anders* brief the reasons for concluding that the appeal is frivolous. If these requirements are met, this

Court may then review the record to determine whether we agree with counsel's assessment that the appeal is frivolous.

In the instant case, by letter dated June 3, 2015, Appellant's counsel notified Appellant of her intent to file an **Anders** brief and petition to withdraw with this Court, and informed Appellant of his rights to retain new counsel and raise additional issues. That same day, Appellant's counsel filed an appropriate petition seeking leave to withdraw. Finally, Appellant's counsel has submitted an **Anders** brief to this Court, with a copy provided to Appellant. Accordingly, the technical requirements of **Anders** have been met. We will therefore conduct our own independent examination of the issues set forth in the **Anders** brief to determine if they are frivolous and whether counsel should be permitted to withdraw.

On appeal, Appellant challenges the legality of his sentence as well as the discretionary aspects of his sentence. In his challenge to the legality of his sentence, Appellant argues that the trial court lacked statutory authority to sentence him to 15 to 30 months of imprisonment for one count of possession of a firearm by a prohibited person. **Anders** Brief at 4-5. "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law." **Commonwealth v. Stevenson**, 850 A.2d 1268, 1271 (Pa. Super. 2004).

Here, the record reflects that Appellant had been convicted of robbery, making him ineligible to carry a firearm in Pennsylvania. N.T., 8/1/14, at 4-5. Appellant pled guilty to possession of a firearm by a prohibited person, in violation of 18 Pa.C.S.A. § 6105, which provides:

Persons not to possess, use, manufacture, control, sell or transfer firearms

**(a)  Offense defined.—**

(1)  A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

\*\*\*

**(a.1) Penalty.—**

(1)  A person convicted of a felony enumerated under subsection (b) … or any equivalent Federal statute or equivalent statute of any other state, who violates subsection (a) commits a felony of the second degree.

**(b)  Enumerated offenses.--**The following offenses shall apply to subsection (a):

**\*\*\***

Section 3701 (relating to robbery).

- 5 -

Accordingly, pursuant to 18 Pa.C.S.A. § 6105, Appellant, who had a prior conviction for robbery, committed a felony of the second degree when he possessed a firearm as a prohibited person.

Pursuant to 18 Pa.C.S.A § 1103, the sentence for a second degree felony is prescribed:

> **§ 1103. Sentence of imprisonment for felony**
> Except as provided in 42 Pa.C.S. § 9714 (relating to sentences for second and subsequent offenses), a person who has been convicted of a felony may be sentenced to imprisonment as follows:
>
> ***
>
> (1)  In the case of a felony of the second degree, for a term which shall be fixed by the court at not more than ten years.

Thus, pursuant to the above statutory authority, Appellant could have been sentenced to a term of imprisonment of up to ten years, *or one hundred and twenty months*. His sentence of fifteen to thirty months of imprisonment is statutorily authorized, and well within the statutory limits. Appellant's challenge to the legality of his sentence fails.

Appellant next argues that his sentence is unduly harsh. ***Anders*** Brief at 5-6.

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine:  (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P.

2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

Appellant has preserved his claim by filing a post-sentence motion and timely notice of appeal. Additionally, Appellant has included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). *Anders* Brief at 4. Therefore, we proceed to determine whether Appellant has raised a substantial question for our review.

Appellant argues that the trial court abused its discretion by imposing a "harsh and excessive" sentence, and references his "young age" to support this argument. *Anders* Brief at 5. Appellant's claim that his sentence was unduly harsh in essence constitutes a claim that the trial court failed to weigh appropriately the sentencing factors. However, "we have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question." *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014). We conclude, therefore, that Appellant has failed to raise a substantial question for our review.

Even if Appellant had raised a substantial question, his challenge to the discretionary aspects of his sentence is meritless. At the sentencing proceeding, after hearing statements from Appellant, Appellant's counsel, and the Commonwealth, the trial court explained:

> I've had a chance to review the presentence investigation report and what's been stated here today. Noting the standard range of the sentencing guidelines being 21 to 24 months, the [trial

court] does feel that a sentence within the standard range of the guidelines would be appropriate. I will keep it somewhat towards the lower end of those guidelines given [Appellant's] age; he's relatively young. However, so as not to diminish the seriousness of the offense, a period of incarceration within those guidelines is warranted. .... Just so [Appellant] understands, there was a request that he serve his sentence in the county. Any sentence a maximum of 24 months or greater must be served in a state correctional institution, so I don't really have the option of allowing you to serve it in the county jail.

N.T., 9/29/14, at 5-6.

It is apparent from the record that the trial court, which had the benefit of a pre-sentence investigation report, took into account the relevant sentencing factors including Appellant's age, the sentencing guidelines, and the gravity of the offense, to impose a sentence within the standard range of the guidelines. *See Commonwealth v. Seagraves*, 103 A.3d 839, 842 (Pa. Super. 2014) ("When, as here, the trial court has the benefit of a pre-sentence report, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors.").

Having concluded that Appellant's counsel has met the requirements of *Anders* and *McClendon*, and having found no non-frivolous issues upon our own independent review of the record, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2015