J-S01030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDDIE QUICK | : | |
| | : | |
| Appellant | : | No. 2115 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 17, 2017,
in the Court of Common Pleas of Monroe County,
Criminal Division at No(s): CP-45-CR-0002718-2015.

BEFORE:   BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                Filed:  April 15, 2020

Eddie Quick appeals, *nunc pro tunc*, from the judgment of sentence imposed after a jury convicted him of robbery of a motor vehicle, robbery (threat of serious bodily injury), and other related crimes.[1]  We affirm.

Two months after maxing-out an eight-year sentence in New Jersey for violent crimes, Quick "carjacked a [Ford Fusion] belonging to [Richard Lebano] while brandishing a knife and then lead police on a dangerous, high-speed pursuit on Interstate 80."  Trial Court Opinion, 2/14/18, at 1.  After exceeding 110 miles per hour, weaving through traffic, speeding upon the berm, and driving over a spike-strip, Quick crashed the filched Ford Fusion into a light

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3702(a), 3701(a)(1)(ii), 2706(a)(1), 907(a), 2705, 3921(a), 3925(a), and 75 Pa.C.S.A. §§ 3733(a), 3736(a), and 3714(a), respectively.

pole. He darted from the wreckage and ran into a nearby woodlands. Quick, as it turned out, was not quick enough. Chasing after him, an officer soon tackled and arrested Quick. Police then inventoried the Fusion, wherein they discovered a duffle bag containing a military-grade, KA-BAR knife.

At trial, the "Commonwealth called numerous witnesses and submitted eight exhibits, including the knife . . . ." *Id.* at 2. "Mr. Lebano testified that during the robbery [Quick] pulled a knife; threatened him with the weapon; and, at one point, came at him with the knife in hand. Mr. Lebano, who had been in the military, accurately described the weapon as a military, KA-BAR knife," and identified it in court as Quick's weapon. *Id.* at 5.

The jury convicted Quick of the robberies and other crimes, and the matter proceeded to sentencing. The trial court imposed the following terms of imprisonment: for robbery of a motor vehicle, ten to twenty years, and for robbery with threat serious bodily injury, ten to twenty years.[2] The trial court ordered all of Quick's sentences to run consecutively, resulting in an aggregate sentence of 26 years and 11 months to 51 years and 10 months of incarceration.

---

[2] The trial court also sentenced Quick for the other convictions as follows: Count 9, fleeing and eluding a police officer, 21–42 months; Count 11, terroristic threats, 19-38 months; Count 12, possession of an instrument of crime, 19-38 months; and Count 13, recklessly endangering another person, 12-24 months. The court imposed a fine for Quick's summary convictions of reckless and careless driving, and concluded that his convictions for theft and receiving stolen property merged for sentencing purposes.

On November 8, 2018, Quick filed a *pro se* PCRA[3] petition. The PCRA court eventually reinstated Quick's direct appellate rights *nun pro tunc*. This timely appeal followed.

Quick raises four issues. We have rephrased them for simplicity's sake as follows:

1. Whether the trial court erred as a matter of law and abused its discretion by permitting evidence regarding a weapon where the Commonwealth failed to establish a chain of custody.

2. Whether the robbery charges should have merged for sentencing purposes.

3. Whether the trial court misapplied the mandatory sentencing provisions.

4. Whether the trial court abused its discretion in fashioning the aggregate sentence.

***See*** Quick's Brief at 9 (excess capitalization omitted). We address each issue in turn.

*A.    Admission of the Knife into Evidence*

Quick first claims the trial court should not have admitted into evidence the knife that he used to rob Mr. Lebano. In Quick's view, the Commonwealth failed to establish a chain of custody proving that the weapon was the actual knife from the carjacking. Quick's Brief at 15 (citing ***Commonwealth v. Morrow***, 650 A.2d 907 (Pa. Super. 1994)).

---

[3] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

He acknowledges that "[p]hysical evidence may be properly admitted [at trial] despite gaps in testimony regarding custody." Quick's Brief at 16 (citation omitted). Quick does not claim any "gaps" occurred while the police had possession of the knife. Rather, he avers that it "seems implausible" that he "robbed Mr. Lebano, and while doing so, in the middle of the encounter, had a knife in one hand, a suitcase and duffle bag in the other, and while on a high-speed chase, put a knife in a duffle bag where a sheath was prior to having an accident." *Id.* at 17-18. Thus, Quick apparently assumes that this Court reviews evidentiary rulings *de novo*.

We do not.

As Quick acknowledges, "admissibility of evidence [is] within the sound discretion of the trial court and will not be reversed absent a clear abuse of discretion." *Id.* at 16 (citing *Commonwealth v. Chmiel*, 738 A.2d 406 (Pa. 1999). Employing that standard of review, this Court may not simply substitute its judgment for that of a trial court. Instead, an abuse of discretion "only occurs if the trial court renders a judgment that is manifestly unreasonable, arbitrary, or capricious; that fails to apply the law; or that is motivated by partiality, prejudice, bias, or ill-will. [Thus,] a reasonable judgment by the trial court is not an abuse of discretion, even if this Court disagrees with that judgment." *Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 881 (Pa. Super. 2019), *appeal denied*, 221 A.3d 644 (Pa. 2019).

In making his evidentiary argument, Quick does not contend that the trial court's admission of the knife into evidence was manifestly unreasonable,

arbitrary, or capricious; misapplied the law; or was the result of partiality, prejudice, bias, or ill-will. Instead, he objects to the knife's admission based on chain of custody for the first time on appeal. This he may not do. **See** generally, Pa.R.A.P. 903. As such, he has waived this basis for objection under Rule 903.

We dismiss his evidentiary issue, because Quick has waived it.

B.     *No Merger of Robbery Convictions*

For his second claim of error, Quick attacks the legality of his sentence. He believes the trial court should have merged his sentences for robbery with threat of serious bodily harm and robbery of a motor vehicle, because they arose from the same criminal episode.

Whether the trial court has imposed an illegal sentence presents a pure question of a law; thus, our scope of review is plenary, and our standard of review is *de novo*. **See Pi Delta Psi**, 211 A.3d at 899-90. "If no statutory authorization exists for a particular sentence, that sentence is illegal and . . . must be vacated." **Commonwealth v. Stevenson**, 850 A.2d 1268, 1271 (Pa. Super. 2004) (*en banc*).

Under that statutory test, merger occurs when "the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." **Commonwealth v. Martinez**, 153 A.3d 1025, 1030 (Pa. Super. 2016) (quoting 42 Pa.C.S.A. § 9765). If two "crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense." **Id.** To determine whether

terroristic threats and robbery merge for purposes of sentencing, **Martinez** held "We must [apply] the second part of the Section 9765 test and examine whether all of the statutory elements of terroristic threats as charged are subsumed by the statutory elements of robbery." **Id.** at 1032.

Here, the trial court applied the statutory test and precedents of this Court to conclude that robbery (threat of serious bodily injury) and robbery of a motor vehicle do **not** merge for sentencing purposes. As the court correctly explained, for the merger doctrine to apply:

> all of the statutory elements of one of the offenses must be included in the statutory elements of the other . . . **Commonwealth v. Wade**, 33 A.3d 108, 116 (Pa. Super. 2011).
>
> In **Wade**, the Superior Court addressed and rejected a merger claim virtually identical to the claim raised by [Quick] in this case. In **Wade**, the defendant was convicted of both robbery of a motor vehicle and robbery—threat of serious bodily injury . . . The Superior Court . . . held:
>
>> Our merger statute merely codified the [**Blockburger v. United States**, 284 U.S. 299 (1932)] test and upholds the long-standing merger doctrine relative to greater and lesser-included offenses. Instantly, robbery-threat of serious bodily injury and robbery of a motor vehicle each requires proof of a fact that the other does not. As we have previously provided, robbery of a motor vehicle does not require that a person be threatened with serious bodily injury and robbery—threat of serious bodily injury does not include the element of stealing or taking a vehicle. Therefore, the two, robbery crimes at issue in the present case are not the same offense under the **Blockburger** test . . . [Because Section 9765] does not violate double jeopardy and robbery of a motor vehicle and robbery-threat of serious bodily injury are

> not greater and lesser-included offenses, [Quick's] claim fails.

Trial Court Opinion, 2/14/18, at 8 (quoting **Wade**, 33 A.3d at 120-21).

We adopt this well-reasoned opinion of the learned trial court as our own on this issue. As we noted in **Martinez**, in order for crimes to merge, Section 9765 requires that they arise from a single criminal act **and** all of the statutory elements of one offense be included in the statutory elements of the other offense. Here, although both charges arose from a single criminal act, *i.e.*, the theft of the car, the statutes' elements of these two crimes are different. Thus, Quick's second issue is meritless.

*C.     Mandatory-Sentencing Provisions*

As his next issue, Quick asserts the trial court "erred as a matter of law and abused its discretion in sentencing [him] to a mandatory minimum sentence of three hundred eleven (311) months." Quick's Brief at 27. Quick raises several arguments on this issue.

First, he claims the trial court imposed mandatory sentences due to his prior convictions, pursuant 42 Pa.C.S.A. § 9714, an unconstitutional statute under **Alleyne v. U.S.**, 570 U.S. 99 (2013), and its Pennsylvania progeny. **See** Quick's Brief at 19, 29. Second, Quick asserts that, because the Commonwealth did not provide proper notice of its intent to seek the mandatory minimums, his sentence "should be vacated." Quick's Brief at 32. And third, Quick argues that the imposition of separate, mandatory-minimum sentences for his two robbery convictions violates 42 Pa.C.S.A. § 9716

(providing "[w]here two or more sections requiring mandatory minimum sentences are applicable, the court shall be bound by that section requiring the greater penalty.")

Initially, we note that the trial court did not impose a mandatory sentence of 311 months. Rather, the sentencing transcript establishes that the trial court's only mandatory-minimum sentences were for the two robbery convictions — *i.e.*, consecutive sentences of 10 to 20 years for each.

Section 9714(a)(1) required these 10-year, minimum sentences. That statute provides:

> Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had been previously convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction of a crime of violence. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2) [(relating to sentence of third conviction of crime of violence.)]

42 Pa.C.S.A. § 9714(a)(1).

The trial court believed that it properly applied the provisions of Section 9714. The court explained:

> in December of 2008, [Quick] was convicted in New Jersey of Aggravated Assault – Cause Bodily Injury While Fleeing or Attempting to Elude Law Enforcement and Resisting Arrest/Eluding. Counsel for [Quick] had the opportunity to review the PSI report prior to the sentencing hearing. To the best of our recollection, [Quick] did not dispute the New

> Jersey convictions or otherwise take issue with his prior record as set forth in the report. The crimes of which [Quick] was previously convicted in New Jersey clearly constitute "crimes of violence" within the meaning of Section 9714. It is equally clear that that the Robbery crimes of which [Quick] was convicted in this case also constitute "crimes of violence." Given the prior and instant convictions for crimes of violence, we properly applied the provisions of Section 9714.

Trial Court Opinion, 2/13/18, at 10 (footnote omitted).[4]

The record supports the trial court's conclusions in this regard.

The trial court, however, did not address Quick's specific illegality of sentence claim that he now raises on appeal, because he did not include them in his 1925(b) statement. Even so, Quick's challenges to the legality of his sentence are not subject to waiver. **Commonwealth v. Bowers**, 25 A.3d 349, 352 (Pa. Super. 2011) (explaining a challenge to the legality of a sentence may be raised as a matter of right, is not subject to waiver, and may be entertained as long as the reviewing court has jurisdiction).

All of Quick's claims regarding the implication of mandatory-minimum sentences lack merit. First, Quick's constitutional argument fails, because this Court has repeatedly held that **Alleyne**, **supra**, does **not** apply to prior convictions. **See**, **e.g.**, **Commonwealth v. Furness**, 153 A.3d 397 (Pa. Super. 2016). Quick misapprehends the law of this Court.

_____

[4] At the time the trial court wrote its Rule 1925(a) opinion, the sentencing hearing had yet to be transcribed. For this reason, the trial court also found Quick's challenge to the discretionary aspects of his sentence to be waived.

Second, the record belies Quick's claim that the Commonwealth did not provide him with proper notice of its intention to seek the mandatory-minimum sentences. At sentencing, the Commonwealth informed the trial court that it "gave notice Your Honor prior to trial . . . in open court actually before Your Honor" of the Commonwealth's "intent to seek the mandatory minimums." N.T., 10/17/17, at 8. Quick misapprehends the facts of this case.

Finally, Quick claims he erroneously received two, separate, mandatory-minimum sentences. *See* Quick's Brief at 32. He relies on ***Commonwealth v. Baker***, 72 A.3d 652 (Pa. Super. 2013), to support his claim of error. In ***Baker***, a convicted person challenged the trial court's imposition of two, mandatory-minimum sentences consecutively, resulting in a sentence of 7 to 15 years, for a single possession-with-intent-to-deliver conviction. There, the question was "whether two mandatory minimums [could] be applied to a single, conviction." ***Baker***, 72 A.3d at 660. Here, by contrast, Quick received two, separate, mandatory-minimum sentences for two, separate convictions. Thus, ***Baker*** is inapposite.

Quick avers, that in this case, "there was one robbery in a continuous, single, criminal episode. Therefore, two mandatory sentences were in error of law and abuse of discretion [sic]." Quick's Brief at 33. Quick ignores, however, that he was convicted of two, separate counts of robbery, which do ***not*** merge for sentencing purposes. Although Quick committed them during a continuous, single episode, the two crimes have unique elements.

- 10 -

Therefore, Quick's consecutive, mandatory-minimum sentences were legal under Section 9716.

For example, we have upheld multiple, mandatory-minimum sentences where a convicted person committed separate crimes. In ***Commonwealth v. McLaughlin***, 574 A.2d 610 (Pa. Super. 1990), the convicted person had killed one person and injured three others. The trial court therefore imposed four, mandatory-minimum sentences. On appeal, we rejected McLaughlin's claim that under Section 9716, "when two or more sections requiring mandatory minimum sentences are applicable, a court must impose the greater penalty. In upholding the sentence imposed, [we] explained this is not a case in which two, mandatory sentences apply to a single crime, but one in which there are several crimes (or victims) each of which calls for a separate, mandatory sentence." ***Baker***, 72 A.3d at 661 (citations and emphasis omitted).

The same is true for Quick. He committed two crimes each involving separate, mandatory-minimum sentences; his Section 9716 claim therefore fails. No relief is due on this issue.

D.    *Requested Appeal of the Discretionary Aspects of Sentence*

Finally, Quick asks to appeal the discretionary aspects of his sentence. ***See*** Quick's Brief at 10–11.

A convicted person has no automatic right to appeal the discretionary aspects of a sentence. ***See, e.g., Commonwealth v. Moury***, 992 A.2d 162,

170 (Pa. Super. 2010). This Court has therefore articulated the following, four-part test to determine whether to consider the merits of such an appeal:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* (some punctuation omitted).

Quick timely appealed, *nunc pro tunc*; he moved for reconsideration of the sentence; and he included a Rule 2119(f) statement in his appellate brief requesting that we grant discretionary review. Thus, he has satisfied the first three prongs of the above test.

We therefore consider the fourth prong — *i.e.*, whether he raised a substantial question in his 2119(f) statement seeking allowance of appeal. Such a request raises a substantial question "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 752 A.2d 910, 912-13 (Pa. Super. 2000).

Here, Quick's statement does neither. It indicates no provision of the sentencing code that the trial court supposedly violated. *See* Quick's Brief at

10-11. His statement likewise fails to indicate if or how the trial court acted contrary to the fundamental norms of sentencing. ***See id.***

We have said an appellant "***may*** raise a substantial question where he receives consecutive sentences within the guideline ranges, if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013) (emphasis in original). ***See also Commonwealth v. Moury***, 992 A.2d 162, 171–172 (Pa. Super. 2010) ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.").

Quick's bald claim of excessiveness due to the trial court's imposition of consecutive sentences, without more, does not present a substantial question warranting the exercise of this Court' discretionary review. Thus, we deny his request to appeal the discretionary aspects of his aggregate sentence.

Judgment of sentence affirmed.

Judge Bowes joins the memorandum.

Judge Strassburger files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/15/20</u>